# Ashurst *v.* The State.

*Indictment for Retailing Spirituous Liquors without License.*

1. *Local prohibitory law in charter of manufacturing company.*—The
4th section of the act incorporating the Tallassee Manufacturing Com-
pany Number One, approved January 29th, 1852, which makes it a mis-
demeanor for any person to sell intoxicating liquors, " by retail or
otherwise, within four miles of the factories of said corporation," be-
came operative as soon as the factories of the corporation were erected ;
and it still continues of force as a valid legislative enactment, though
all the property of the corporation has been sold under a decree in
chancery, and the purchasers are carrying on the same business there
under a new corporate name.

FROM the Circuit Court of. Tallapoosa.

Tried before the Hon. JAMES E. COBB.

The indictment in this case charged, in a single count, that
the defendant "sold vinous or spirituous liquors, without
license, and contrary to law." A trial was had on issue joined
on the plea of not guilty, which resulted in a verdict and judg-

[Ashurst v. The State.]

ment against the defendant. On the trial, he reserved a bill of exceptions, as follows : " The State proved that the defendant sold spirituous liquors to sundry persons in said county, within twelve months before the finding of the indictment, and within four miles of a certain building known as the *Tallassee Factory;* and introduced in evidence the act incorporating the *Tallassee Manufacturing Company Number One* (1), approved January 29th, 1852; and proved, in connection therewith, that prior to said 29th January, 1852, there had been for many years a cotton factory, frequently called the *Tallassee Factory,* located at the same point where the building first shown in evidence is located, and which was owned and operated by a private partnership under the name of Barnett & Marks, composed of Thomas M. Barnett and William Marks ; that said Barnett & Marks, soon after the passage of said act of January 29th, 1852, conveyed to said corporation all the property of said partnership, including said building and the land on which it was situated ; that said corporation, soon after said conveyance, erected another building near the first, which two buildings have ever since, up to the present time, been used for the manufacture of cotton, and have been commonly known and called the *Tallassee Factory;* that said corporation continued to do business, under its said corporate name, until 1874, when it became insolvent, and assigned all its property, for the benefit of its creditors, to Pollard and others; that said insolvent estate was administered by the Chancery Court, and all the property of the corporation was sold, by decree of the court, in 1876, at which sale certain persons purchased said buildings and lands, and afterwards organized as a corporation, under the general statutes of Alabama, under the name and style of *Tallassee Falls Manufacturing Company,* and conveyed all said property to said new corporation, which has ever since held and owned said property, and operated the same under said corporate name; and that since said sale under the chancery decree, in 1876, said *Tallassee Manufacturing Company Number One* has never done any business, nor any corporate act whatever, and has owned no property whatever. The defendant read in evidence a license issued to him by the judge of probate of Tallapoosa, authorizing him to sell liquor during the year 1885 at the place of his business; which license was in all respects regular and sufficient as required by the revenue law of Alabama. This being all the evidence, the court charged the jury, on request of the State, that they must find the defendant guilty, if they believed the evidence; to which charge the defendant excepted."

GUNTER & BLAKEY, and WM. H. BARNES, for the appellant.

Thos. N. McClellan, Attorney-General, for the State.

SOMERVILLE, J.—The defendant was indicted for selling spirituous liquors without license, and contrary to law. He justified under a license, which the court, in effect, pronounced to be void, because of the existence of a prohibitory liquor law, which, in the opinion of the court, was of force within four miles of the factory of the Tallassee Falls Manufacturing Company.

It is our opinion that this ruling of the court was free from error.

The prohibitory law in question derived its origin and force from an act of the legislature, approved January 29, 1852, entitled "An act to incorporate the Tallassee Manufacturing Company Number One," which may be found in the Session Acts of 1851–52, pp. 262–264. It was enacted, in section 4 of this law, that "if any person or persons shall sell ardent, spirituous, or intoxicating liquors, within four miles of the factories of said corporation, by the retail or otherwise, such person or persons shall be subject to indictment in the Circuit Court of the county in which such selling or retailing was done, and be liable to all the pains and penalties then in force against retailing without license."

The case presented, in the first instance, is the familiar one of a law enacted by the legislative department of the government, which was to take effect upon a contingency. This contingency was, by necessary implication, the corporate organization of, and commencement of business by the company, evidenced by the construction and operation of a factory or factories. When this event transpired, the law was immediately put in force, and was as valid as if the legislature had expressly prohibited the sale of spirituous liquors within four miles of the place where these factories were located. It became at once a fixed rule of conduct, prescribed by the supreme power of State, and operating upon all persons within the locality. How could its operation be suspended or destroyed, except by a new act repealing it, or by its expiration from some fact which limits its continued existence as a law of the land? It is not contended that the act has been repealed, either expressly, or by any repugnant statute. The only contention is, that it has ceased to operate because the property of the corporation in question was sold out, under the decree of the Chancery Court, and purchased by private persons, who have organized another corporation, which continues the same business, in the same locality, under the name of the Tallassee Falls Manufacturing Company. This repeal, thus contended for, is one by implication, which is not favored by the law. The

[Weaver v. The State.]

argument for it is based on the idea, that the law was a chartered privilege of the dissolved corporation, and did not attach to the locality after its dissolution. We see nothing to justify this construction. The reason for the continuance of the law is just as great after the old company ceased to exist as before, in view of the fact that its purpose was to protect the owners and employees of a factory against the evils incident to the sale of intoxicating liquors, and the same kind of business has been continued in the same place by the owners of the same property.

The charge of the court being free from error, the judgment is affirmed.

CLOPTON, J., not sitting.