CHARLES HIGGINS *vs.* THE STATE OF MARYLAND.

*Local Option law—Act of 1876, ch. 188, and Act of 1880, ch. 107—Repeal by Implication.*

Where by an Act of Assembly submitting the question to the voters of the several election districts of Caroline County, whether or not spirituous or fermented liquors should be sold therein, a majority of the votes in the third election district of the county was cast "against the sale of spirituous or fermented liquor" therein, and by a subsequent Act of Assembly a new election district was established out of the said third election district, the prohibition will continue to apply to the inhabitants of the new district, there being nothing in the latter Act at all inconsistent with the provisions of the former Act.

The repeal by mere implication of a former by a subsequent statute, is never favored by the Courts, and it is only where they are clearly irreconcilable, and not susceptible of any such fair interpretation as will allow of their standing together, that such repeal will be declared.

APPEAL as upon Writ of Error, from the Circuit Court for Caroline County.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE, MILLER, IRVING, and BRYAN, J.

*Geo. M. Russum*, for the appellant.

*Marshall S. Mutchler, State's Attorney for Caroline County*, and *Charles B. Roberts, Attorney-General*, for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

This case is brought into this Court upon assignment of error, supposed to have been committed by the Court below in overruling a demurrer to the indictment against the plaintiff in error.

The indictment was for selling spirituous liquors in the sixth, formerly the third, election district of Caroline County, in violation of the provisions of the local Act of 1876, ch. 188, known as the Local Option Law of Caroline County. Upon the demurrer being overruled, the traverser pleaded not guilty, and, upon trial before the Court, was found guilty and sentenced.

By the Act of 1876, just referred to, it was provided for submitting the question to the people of the several election districts of the county, whether or not spirituous or fermented liquors should be sold therein. The election was required to be held for determining the question, on the third Tuesday of May, 1876; and the result of the election in the several election districts was required to be certified and returned to the Judges of the Circuit Court of the county; and if it appeared "that either one or more election districts for said county had cast a majority [of votes] against the sale of spirituous or fermented liquors, then the Judges of the Circuit Court should make proclamation of the result of such election, *defining* therein the district or districts, or the whole county, as the case might be." The word "defining," as here used, we must read as synonymous with *specifying* or *designating*, and thus simply requiring the Judges to particularize in the proclamation the districts or district casting a majority of votes in favor of the law, as we do not understand that the Judges were required by the Act, *after the election*, to make any new definition of the limits or boundaries of the election districts voting for the adoption of the law.

It is alleged in the indictment that the election was duly held; that there was a majority of the votes in the

third election district of the county cast " against the sale of spirituous or fermented liquors " therein, (and it is stated in the brief of the State's Attorney for the county that all the districts so voted;) and, upon return to the Judges of the Circuit Court, proclamation was duly made accordingly.

The provisions of the Act of 1876 having been thus adopted by popular vote in the third election district of the county, the local Act of 1880, ch. 107, entitled "An Act to lay out and establish a new election district of Caroline County, out of the third election district thereof, and to be called Hillsborough District, or election district number six," provides, "that a new election district be laid out and established *out of the third election district* of Caroline County, the said new district to be known and called by the name of Hillsborough District, or election district number six." The 2d section of the Act describes and defines the bounds of the new district; and the 8th section thereof declares that all inconsistent Acts should be repealed. These statutes, though local in their operation, are public laws, and the Courts are bound to take notice of them. *State, ex rel. Webster vs. The County Commissioners,* 29 *Md.,* 516; *The Comm. vs. The Inhabitants of Springfield,* 7 *Mass.,* 9. Therefore, the indictment, founded upon the first mentioned statute, must appear upon its face to be consistent or not in conflict with the provisions of the last mentioned statute. And the principal question presented is, whether the last mentioned statute has, to any extent, repealed by implication the former statute, or restricted the application thereof, so as to exempt the Hillsborough District or election district No. 6 from the prohibitory operation of that statute, as if district No 6 had not formed a part of district No. 3 at the time of the election in May, 1876.

The indictment, after alleging the adoption of the Act of 1876 as before stated, charges that the traverser, on or

about the 15th of September, 1884, "at the county aforesaid, and in the sixth or Hillsborough election district of said county, which said sixth or Hillsborough election district was, at the time of the election held on the third Tuesday of May, 1876, *entirely embraced within the boundaries of the said third election district* of Caroline County aforesaid, did sell spirituous liquors, to wit, one gill of whiskey," &c.    The truth of these allegations is admitted by the demurrer; and the only question is, whether the indictment shows sufficient matter upon its face to support a conviction thereunder ; and of this we entertain no doubt whatever.

The Act of 1880, ch. 107, by express terms, established the new election district, No. 6, out of election district No. 3, and no other territory is embraced therein; and so the indictment charges.    All the qualified voters, therefore, of that part of election district No. 3, now forming election district No. 6, had a right and were called upon to vote at the election of May, 1876, for or against the adoption of the prohibitory law, and the result of that election subjected the entire population of district No. 3, as then constituted, to the provisions of the Act, and the subsequent division of the district has not had the effect of restricting the operation of the Act to only a part of the original territory to which it applied and for which it was adopted.    The mere change of name or number, as applied to part of the district, certainly should have no such effect, and that is really all that has been done in this case.    The Act of 1876, provided for taking the sense of the qualified voters of the county as it was then divided into election districts, for the obvious purpose of giving a mere local effect to the Act to accord with the sense and wishes of the majority of the voters of the several districts of the county; and from the time that the result of the election was proclaimed, as provided by the Act, such districts as cast a majority of votes in favor of

the adoption of the law became thenceforth prohibitory or local option districts, rather than mere election districts, and they remain so, notwithstanding any subsequent change in the districts having reference to the convenience of holding elections. In several of the counties of the State the County Commissioners are given the power of changing existing and laying out new election districts, as the public convenience may require, and, in such case, it could hardly be contended that a prohibitory law, such as that in question here, voted upon and adopted by districts, would be repealed or defeated in its operation by any subsequent act of the County Commissioners in the mere change of the boundaries of an election district. The repeal by mere implication of a former by a subsequent statute is never favored by the Courts, and it is only where they are clearly irreconcilable, and not susceptible of any such fair interpretation as will allow of their standing together, that such repeal will be declared. Here we discover nothing in the Act of 1880, ch. 107, laying off the new election district, that is at all inconsistent with the provisions of the previous Act of 1876, ch. 188. We shall therefore affirm the judgment of the Court below.

*Judgment affirmed.*

(Decided 17th December, 1885.)

