ALFRED JONES *vs.* THE STATE OF MARYLAND.

*Local option law—Indictment—Effect of subdividing a Local option district—Criminal pleading.*

The Act of 1878, chap. 462, (a local option law for certain districts in Dorchester County,) though local, is a public and not a private law; and any question affecting its legal existence belongs to the Court, which takes judicial cognizance of all such laws. Hence it is not necessary for an indictment charging a violation thereof, to contain a statement of all the formalities necessary to precede the law becoming operative. They are not facts for the jury to pass upon, and have no proper place in the indictment.

Said local option law of 1878, was adopted by a certain election district, and thereafter by chapter 456 of the Act of 1880, a portion of said election district was cut off and formed into another district, without changing the name of the old district. HELD:

1st. That this did not change the operation of the local option law in the old district as it was left.

2nd. That it was no error to omit to state in an indictment for a violation of the law committed in the old district as so left, that it was not committed in the part of the district which was taken off.

APPEAL as upon Writ of Error, from the Circuit Court for Dorchester County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, IRVING, and BRYAN, J.

*George R. Willis, and Clement Sulivane,* for the appellant.

*Charles B. Roberts, Attorney-General,* for the appellee.

Jones *vs.* State.

IRVING, J., delivered the opinion of the Court.

The appellant was convicted and sentenced for a violation of the Act of 1878, chapter 462, known as a local option law for certain districts of Dorchester County. That law included within its operation Cambridge district, which is district No. 7.

The indictment charges the offence to have been committed in Dorchester County, "and election district number seven thereof, in which a majority of the qualified voters thereof cast their ballots against license for the sale of spirituous or fermented liquors with a view to profit in the way of trade."

The defendant filed a special plea which, (without setting out the same *totidem verbis*), substantially alleges that the Act of 1886, chapter forty-one, changed the penalties prescribed by the Act of 1878, chapter 462, under which the prosecution is taken, which change operated on the election district in which the offence is alleged ; and that by Act of 1880, chapter 456, a large part of district number seven was cut off from it and formed into another district, number 14, as Linkwood District ; and that by Act of 1884, chapter 390, a different penalty was fixed for selling liquor in that part of district number seven which was cut off from it and put into another district, "and at no time has a majority of the qualified voters of said election district number seven, as it existed at the time of the enactment of the Act of 1886, been cast against license," and that "district number seven as it existed and was constituted at the time of the enactment of the Act of 1878, and of the only election held thereunder in November, 1878, had passed out of existence at the time of the enactment of the Act of 1886, and the indictment does not specify in what part of the district No. 7, as it existed at the time of the passage of the Act of 1878, said offence was committed."

To this plea demurrer was interposed and sustained; and then appellant pleaded not guilty, was tried, convicted and sentenced, and he brings the case to us on assignments of error, which are as follows:

1st. "The defendant insists that the indictment should allege as an ingredient of the offence charged, that a majority of qualified voters of district No. 7 had voted against license to sell spirituous liquors."

2nd. "That the Act of 1886, chapter 41, in connection with chapter 462, of Acts of 1878, and chapter 456 of the Acts of 1880, repealed all penalties for the sale of liquor in district No. 7, and no authority existed in the Court either to find the defendant guilty or pass sentence upon him."

The question presented by the first error assigned is not involved in the plea to which demurrer was interposed, and it is difficult to see how it would be entertainable here, except on the theory that, under the demurrer to the plea, the indictment was necessarily brought to the Court for consideration, and had to be passed upon; and if that was wrong, there was error in overruling it as to the plea, because it mounted to the first error. Conceding, without deciding that such is the case, in a case of this kind, and on assignment of error, the question properly presented to us, an examination of the indictment shows there was no such omission as is alleged. The appellant's counsel says in his brief that, by accident, the words "and proclamation thereof made by the clerk" from the conclusion of that assignment of error were omitted. Had they been there the assignment of error would not have been made effectual; for in *Slymer vs. The State*, 62 *Md.*, 238, the precise question was presented, and it was unequivocally decided that a demurrer to an indictment, based on the omission from the indictment of the conditions precedent to the law becoming operative, and the statement that those conditions had been fulfilled, was properly overruled. The Court takes judicial cognizance of all

such laws. Though local they are public and not private laws; and any question affecting the legal existence of the law belongs to the Court. It was not necessary therefore for the indictment to contain a statement of all the formalities necessary to precede the law becoming operative. They were not facts for the jury to pass upon, and had no proper place in the indictment. *Slymer's Case*, 62 *Md.*, 238, and *Mackin vs. State, Ib.*, 244.

The second ground of error assigned is no more substantial. The point, as we apprehend it, presented by the plea and assignment of error, is that, by the conjoint effect of several Acts of Assembly changing the penalties for the offence, and territorially dividing district No. 7, this district has lost its local option law. In other words, as we understand it, that the Act of 1878 has in effect been repealed. Clearly the passage of the Act of 1880, taking a part of district number seven from it, and with it and portions of other districts, forming a new district, could not possibly change the law operating on district No. 7 as it was left. It was still district number seven, if it was not as large. The case of *Higgins vs. The State*, 64 *Md.*, 419, is conclusive of the question. There an entirely new election district was carved out of an existing election district. The new election district included within it no territory except that which was taken from the district which was divided. A local option law had been adopted by a vote of the people in the undivided district (and before it was thought of dividing it perhaps.) It was operative territorially to the whole extent of the district, and on all the people in it. That part of the territory which was taken off was affected by the law, and no part of any other district, differently affected, was combined with it; and the Court held that the law as enacted for the undivided district followed the severed portion which was made a district in itself, and operated in it and on its people. If the law which operated on the whole followed that part which was severed and given another

name, *a fortiori*, it continued in force in that part which remained and which retained the district name for which it had been enacted. But it is argued that it was a fatal omission, not to state that the offence was not committed in the part of the district which was taken off. When it is charged to have been committed in district number seven, the place is clearly stated, and if the evidence showed it was committed in district number fourteen, the traverser would be acquitted of the charge as made. We do not see that this point is clearly presented by the second assignment of error, or can be deduced from it, but as it was made in argument, we thought it best to leave no room for further doubt on what to us seems so clear. The traverser was, certainly, clearly told by the indictment what he was to defend against.

*Judgment affirmed.*