# Montgomery *v.* The State.

*Indictment for Selling Liquor in violation of Local Pro-
hibitory Law.*

1. *Act constituting Blountsville and vicinity a separate school district,
and 7th section prohibiting sale of liquors; constitutionality of.*—The sev-
enth section of the act approved February 5th, 1885, entitled "An act to
constitute the town of Blountsville and vicinity, in Blount county, a sep-
arate school district" (Sess. Acts 1884-5, p. 309); which section pro-
hibits the sale of spirituous liquors within the school district, under
penalty of a fine payable, on conviction, to the school trustees,—is not
germane to the subject stated in the title of the statute, and is there-
fore unconstitutional and void.

FROM the Circuit Court of Blount.

Tried before the Hon. JOHN B. TALLY.

The indictment in this case was found at the September
term, 1888, and charged that the defendant "did sell, give or
deliver, or aid or assist in the sale, gift or delivery of spirit-
uous, vinous, or malt liquors, within the limits of the Blounts-
ville school district, as created by an act of the General As-
sembly of Alabama, approved February 5th, 1885; contrary
to law, and against the peace," &c. The defendant demurred
to the indictment, assigning as ground of demurrer the un-
constitutionality of the seventh section of said statute, on
which the indictment was founded. The court overruled the
demurrer, and, on the evidence adduced on the trial, refused
to charge the jury that, if they believed the evidence, they
must acquit the defendant; to which refusal he excepted.

INZER & WARD, and DICKINSON & HALL, for appellant,
cited *Ballentyne v. Wickersham*, 75 Ala. 533; *Stein v.
Leeper*, 78 Ala. 517; 3 Brick. Digest, 132, § 84; Const.
Ala. Art. IV, § 2, and cases cited in note.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—By an act approved February 5th,
1885, certain territory extending four miles north and south,
and three miles east and west, and including the town of
Blountsville, was made a separate school district. The title

[Montgomery v. The State.]

of the act is "To constitute the town of Blountsville and vicinity, in Blount county, a separate school district." The provisions of the act down to the seventh and last section are such as pertain to the establishment of a school district, and to the management, control and maintenance of schools therein, though the 4th section, which authorizes the levy of a special tax, is probably obnoxious to the Constitution (*Schultes v. Eberly*, 82 Ala. 242), and are referable to and properly covered by its title. Section 7, however, prohibits the sale, &c. of liquor within the district, and makes an infraction of its provisions a misdemeanor, punishable by a fine of not less than one hundred dollars, payable only in currency, to the trustees of the district as a part of the school funds thereof.

The appellant was charged with a violation of this section, and on the trial, which resulted in his conviction, reserved exceptions which present for our consideration the constitutionality of the prohibitory and penal section of the act.

It is contended that this part of the statute is offensive to that provision of section 2, Article 4 of the present Constitution, which declares that "Each law shall contain but one subject, which shall be clearly expressed in its title." The settled construction of this clause is, that while it will not be so exactingly enforced as to cripple legislation, or to require the title of a bill to specify every provision of the statute, but that on the contrary it is permissible to insert those matters which, though they may not be specifically expressed in the title, are proper to the full accomplishment of the object which is expressed, or are naturally suggested by, or connected with that object; yet, matters which are not so suggested by the title, or not so connected with the subject expressed as to appear to follow as a natural and legitimate complement thereto, or which do not appear to be proper to the accomplishment of the indicated purpose, or pertinent or germane to that purpose, can not be constitutionally embraced in the act.—*Ballentyne v. Wickersham*, 75 Ala. 533; *Stein v. Leeper*, 78 Ala. 517.

The expressed purpose of the act under consideration was to constitute certain territory a separate school district. This implied simply that the locality in question, which had theretofore, perhaps, constituted in part several school subdivisions, or, it may be, only a fraction of a greater subdivision, and as such had been governed, in the matter of public instruction, by general laws, should thereafter be of itself a

district for school purposes, and as such should be regulated by the provisions of the special act as to its participation in, and disbursement of school funds, and the conduct and management of its schools. It did not imply the establishment of schools where there had been none before, but only the segregation of the particular locality from other divisions, and its embodiment in a distinct and compact form for more convenient administration. The subject expressed did not suggest a necessity for police regulations in the new district, which had not before existed in the subdivisions from which it was taken. The prohibition of the liquor traffic was no more proper to the new district than it had been to the old, and no more a complement to the avowed purpose of the special act, than it had been to the general laws before applicable to school matters in the locality. Prohibition, therefore, was not cognate, pertinent and germane to the subject expressed; and it may well be doubted whether a single member of the General Assembly, who voted on this bill, advised of its contents solely by its title, ever for an instant conceived one of its purposes to be the prohibition attempted to be established by its last section. Clearly this provision was not suggested by the title. It would not present itself to a mind seeking information from the title as a matter proper to the full accomplishment of the purpose to carve out a separate school district including the town of Blountsville. It is therefore, we conclude, a subject alien to the title of the act, not expressed, indicated or foreshadowed thereby, nor pertinent or germane thereto; and the provision for it falls under the ban of the constitutional requirement above quoted.

This is radically unlike the case of *Ex parte Moore*, 62 Ala. 471, upon which reliance is had in support of the judgment of conviction. In that case, the title of the act was "to incorporate" a municipality. "Under this caption," says the court, "it was permissible to embrace and declare the purpose, powers and duties of the municipal corporation. Sanitary and police regulations are among the customary powers of such corporations;" and it was held that a section of the act which prohibited the sale of liquors in the town, being intended to secure its peace and good order, was cognate and referable to the title. The principle announced can have no application to such a provision in an act whose title expresses a purpose wholly foreign to police regulation.

The case of *Ashurst v. State*, 79 Ala. 276, in which a

similar provision in the charter of a manufacturing corporation was sustained, is not in point, because the act there involved was passed before the requirement under consideration was incorporated into the Constitution.

Section 7 of the act in question is void. The indictment specifically charges a violation of that section, and the evidence makes a case which is not violative of any other law. The appellant can never be convicted under that indictment, or for the act disclosed by the testimony, and he will therefore be discharged.