# Prestwood v. The State.

*Indictment for Illegal Sale of Spirituous Liquors within Prohibited District.*

1. *Local prohibitory law in "Beat number two;" change of boundaries.* Under a local law prohibiting the sale of intoxicating liquors "in Beat number two in said county, known as Fairfield Beat," the prohibited district is determined by the boundaries of the beat as then established, and is not affected by a subsequent change of the boundaries by the Commissioners Court of the county.

FROM the Circuit Court of Covington.

Tried before the Hon. JOHN P. HUBBARD.

The indictment in this case charged, in its second count, that James A. Prestwood and Norman McIntosh, carrying on business as partners under the firm name of Prestwood & McIntosh, "did unlawfully sell, give away, or otherwise dispose of spirituous, vinous, or malt liquors, or intoxicating bitters, within Beat number two in said county, known as Fairfield Beat." On the trial, as the bill of exceptions shows, "it was admitted that the General Assembly of Alabama, during the session of 1880-81, passed an act prohibiting the sale of spirituous liquors in Beat No. 2 in said county, known as Fairfield Beat;" and it was shown that the defendants, having obtained a license from the judge of probate to sell liquors "at or near Fairfield," had carried on the business at a place which was formerly within the limits of said Beat No. 2, but was then "about three or four hundred yards from said beat as changed by order of the Commis-

sioners Court of the county in 1886, and located in Beat No. 6." On this evidence, the court charged the jury, if they believed it, they must find the defendants guilty; to which charge the defendants excepted.

W. D. ROBERTS, and JOHN GAMBLE, for appellants.

WM. L. MARTIN, Attorney-General, for the State.

SOMERVILLE, J.—The act of February 28th, 1881 (Acts 1880–81, p. 148), prohibits the sale, giving away, or otherwise disposing of any kind of spirituous, vinous or malt liquors in "Beat number two, known as Fairfield Beat, in Covington county." The effect was to establish prohibition as the law of the beat, with the boundaries and area *as it was then constituted.* If the act had declared the boundaries of the beat, it would not have been more definite or fixed in its operation as a rule of civil conduct. The description was certain because perfectly capable of being rendered certain by record evidence.

It necessarily follows that the Commissioners' Court had no right to suspend, or limit the operation of the law, by narrowing the area of the beat. If so, they might entirely repeal it, within their mere discretion, by abolishing the beat. The only power that could repeal or suspend the law was the one by which it had been established—the General Assembly, in which alone is vested the constitutional authority to make and unmake laws.—*Ashurst v. The State,* 79 Ala. 276; Const. Ala. 1875, Art. 1, § 22.

The conviction, under the facts stated in the record, was proper, and the rulings of the court were free from error.

Affirmed.