# Long v. The State.

## Indictment for violating Local Prohibition Law.

1. *Indictment not quashed because of irregularity in drawing grand jury.*—Where the key to a jury box is lost, and the jury commissioners break open the jury box, and proceed to draw a grand jury as prescribed by law, an indictment preferred by the grand jury so drawn is not invalid, and should not be quashed for such irregularity

2. *Local prohibition; effect of dividing district included therein.*— Where a statute forbids the sale of liquors in a certain precinct or district, designating it by name, the prohibited district is determined by the boundaries of the precinct as then established; and if such

precinct is subsequently subdivided, and a different name given to one of the subdivisions, the sale of liquors in either of such subdivisions is unlawful, and falls within the ban of the statute.

APPEAL from the Circuit Court of Pickens.

Tried before the Hon S. H. SPROTT.

The appellant, Robert Long, was indicted, tried and convicted for selling spirituous, vinous or malt liquors without a license and contrary to law. The only questions, which are presented on this appeal and considered by the court, are sufficiently stated in the opinion.

E. D. WILLETT, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—The motion to quash the indictment against the defendant below—appellant here—was properly overruled. It proceeded on the idea that there had been vitiating irregularity in drawing the grand jury which found and returned the indictment; and this, it is satisfactorily shown, consisted alone in the fact, that the key of the jury box being lost, the jury commissioners broke the seals and pried the box open and then proceeded to draw this grand jury and other juries in the manner prescribed by law. The objection to the validity of their action is really too untenable for discussion.

The only other question presented by the record arises on an exception to the affirmative charge given at the request of the State. The defendant was charged with the violation of a statute prohibiting the sale &c. of liquors in Fairfield precinct of Pickens county. There was an agreed statement of facts from which every element of guilt clearly appears if, as matter of law, the sale was within the territory covered by the prohibitory statute. That it was within the boundaries of Fairfield precinct as that subdivision of the county was constituted when the act was passed, is admitted. It is also admitted that since then Fairfield precinct has been divided into two precincts, one of which is still known as Fairfield, and the other is called Whitten's precinct. This occurred prior to the sale admitted by the defendant; and the sale was made in that part of the original Fairfield precinct which now constitutes Whitten's precinct. And it is in-

[Smith v. The State.]

sisted that the sale was not a violation of the statute in question because not made in Fairfield precinct as now constituted. There is no merit in the contention, as has been decided by this court in the singularly identical case of *Prestwood v. State*, 88 Ala. 235. See also *Love v. Porter*, 93 Ala. 384.

Affirmed.