## MOORE *v.* THE STATE.

1. Judicial cognizance is to be taken by the courts that the territory now embraced in the county of Crisp was, before the creation of that county, within the boundaries of Dooly county, wherein the sale of intoxicating liquors was prohibited by law. Under the express provisions of the act of 1905, authorizing the organization of new counties, the local prohibition law prevailing in Dooly county immediately became of full force and effect in the county of Crisp, and has since its creation undergone no change.

(*a*) The constitutionality of a statute can not be for the first time questioned in the Supreme Court.

(*b*) A person illegally selling intoxicating liquor in a county where the selling thereof is altogether prohibited can not properly be indicted for the statutory offense of selling liquor without a license.

2. Under the agreed statement of facts upon which this case was tried, the accused could not lawfully be convicted of a violation of the Penal Code, § 428, which, as amended by the act of December 9, 1897 (Acts of 1897, p. 39), declares that "if any person shall sell, contract to sell,

take orders for, or solicit, personally or by agent, the sale of spirituous, malt, or intoxicating liquors, in any county . . where the sale of such liquors is prohibited by law, high license or otherwise, he shall be guilty of a misdemeanor."

Argued June 2,—Decided August 9, 1906.

Indictment for unlawful sale of liquor. Before Judge Little-john. Crisp superior court. May 5, 1906.

The plaintiff in error was arraigned under an indictment which contained two counts, the first charging that on February 2, 1906, he did unlawfully, "by himself and agent, sell, contract to sell, and take orders for the sale of spirituous and intoxicating liquors" in the county of Crisp, and the second count charging that he did, on the date aforesaid, "unlawfully sell whiskey and other spirituous liquors by retail without having first taken out a license from the authorities authorized by law to issue license for the sale of such liquors in said county." The accused demurred to the indictment, but his demurrer was overruled. He also filed a special plea in which he averred that the sale of whiskey and other intoxicating liquors in Crisp county was not prohibited by law, and that the provisions of the general local option law had never been adopted in that county. This plea was stricken on demurrer, and the case went to trial upon the following agreed statement of facts: "Defendant is a retail liquor dealer whose place of business is located at De Soto, Sumter county, Georgia, and is a regular out of town subscriber to the Cordele Exchange to the Southern Bell Telephone Co., having a line from such exchange to his place of business in De Soto, which entitles the public, including all subscribers of the Cordele Exchange, to the use of such telephone. At Coney, a point in Crisp county between Cordele and De Soto, there is a telephone cut into the line, for which defendant also pays, and at this point, or at any point which is reached by the Cordele Exchange, the public has, within the past two years before the finding of this bill, telephoned orders for whiskey to defendant, and such message cost the public nothing. At this 'phone at Coney, Crisp county, persons do and have for two years telephoned said De Soto house orders for whiskey, and the whiskey was shipped to them in this county, based upon such orders. Likewise, at any telephone of the Cordele Exchange, persons do and have during the two years prior to this bill of indictment telephoned and called the house at De Soto, and ordered whiskey

without any extra charge for telephone service." A verdict of guilty was returned. The accused made a motion for a new trial, based on the grounds that the verdict was contrary to law and the evidence. Exception is taken to the overruling of this motion, as well as to the overruling of the demurrer to the indictment and the striking of the defendant's special plea.

*J. T. Hill* and *James Taylor*, for plaintiff in error.

*Frank A. Hooper, solicitor-general,* contra.

EVANS, J. (After stating the facts.)

1. It is a matter of which judicial cognizance may be taken that the territory now embraced within the boundaries of Crisp county was, upon the creation of that county, laid off from the county of Dooly, wherein the sale of liquor was prohibited by law. The act under which the county of Crisp was organized expressly provided that "all local laws and general laws having local application [then] in force within any territory included within the limits of any new county [should] be in full force and effect within such territory included within the limits of such new county; provided that where by the general laws of this State provision is made for any of said laws going into effect in any county by an election to be held, that an election may be held in said new county at any time after its creation for the purpose of putting said local laws into effect, notwithstanding the provision of any general law requiring the lapse of any specified time after the last election on the subject." Acts of 1905, p. 50, sec. 15. In the brief of counsel for the plaintiff in error the contention is made that "the legislature had no authority to so transfer a local prohibition law or a local option law," and that the above-quoted provisions of the act of 1905 contravene art. 1, sec. 4, par. 1, of the constitution, declaring that laws of a general nature shall have uniform operation, etc. But as the constitutionality of that act does not appear to have been assailed in the court below, we can not undertake to pass upon the constitutional question thus sought to be raised for the first time in this court. *State* v. *Henderson,* 120 *Ga.* 781(7). Treating the act of 1905 as valid and operative, in so far as it undertook to provide that local laws should remain in force over the territory taken from one county for the purpose of creating a new county, it is evident that there could be no legal sale of liquor in Crisp county, after the territory embraced therein was taken from Dooly

county, until there was a change effected in the prohibitory liquor law which was inherited from that county by the county of Crisp. The accused concedes that no change has been effected by any election held under the provisions of the general local option liquor law since the formation of Crisp county. It follows that there is no merit in his contention, presented by demurrer and also by special plea, that the indictment did not charge any penal offense, for the reason that it was not unlawful to sell or solicit orders for liquor in Crisp county. The first count in the indictment was good; the second count was, however, open to the objection urged against it by special demurrer, viz., that the county of Crisp, "being dry," and there being no one authorized by law to grant a license for the sale of liquor therein, the statutory offense of selling liquor without a license could not be committed in that county. *Brown* v. *State,* 104 *Ga.* 525.

2. Under the agreed statement of facts, the defendant did not sell intoxicating liquor in the county of Crisp; the defendant only filled orders transmitted to him at his place of business in Sumter county, where he was conducting a barroom under license. It does not appear from the statement of facts how the liquor was to be transported to the purchaser in Crisp county. Presumably the delivery was to be made at the place where the order was received, which was in Sumter county; for the law will not presume an illegal delivery, if the contrary presumption may be indulged from the facts. *Dunn* v. *State,* 82 *Ga.* 30. The transaction between the buyer and the seller was over the telephone; the purchaser was in Crisp county and the retailer was in Sumter county. The medium of communication was the telephone, and the telephone company was the agent of the sender of the order (the purchaser) and not the agent of the sendee of the message (the liquor dealer), who, though one of the company's regular subscribers, did not undertake to procure orders for liquor in Crisp county by using the telephone for the purpose of soliciting orders from persons residing in that county. *W. U. Tel Co.* v. *Shotter,* 71 *Ga.* 760; *W. U. Tel. Co.* v. *Lumber Co.,* 114 *Ga.* 576. Had the purchaser made use of the postal service, instead of the means of communication afforded by the telephone company, it could hardly have been insisted that the contract of sale was made in Crisp county, instead of the county of the residence of the seller, where he received and accepted the

27

order transmitted by mail. Under the facts presented, we think it clear that the defendant neither sold nor contracted to sell liquor in the county of Crisp.

Did the defendant in that county "take orders for, or solicit, personally or by agent, the sale of spirituous" or other intoxicating liquors, in violation of the Penal Code, § 428, as amended by the act of 1897? He did not go to the county of Crisp for the purpose of accepting orders from persons who might know he had whiskey to sell in Sumter county, but remained at home. When a customer in Crisp county desired to buy whiskey, he would telephone his order to the defendant in Sumter county. So far as appears, the defendant never in person or by agent solicited any order. He did pay the telephone company for the 'phone established at Coney, in Crisp county, which was used by customers, without cost to them, in transmitting their orders for whiskey; but he did not there have any agent who solicited orders or received any orders which he transmitted by 'phone to the defendant. The case therefore differs very materially from that of *Walker* v. *State*, 122 *Ga.* 747, wherein the question arose whether a telephone operator really acted as the agent of the seller or of the purchaser in transmitting orders for liquor. The most that can be said is, that the telephone company furnished an instrumentality, for which the defendant paid, enabling his customers to transmit their own orders for whiskey. So far as we are informed, it was lawful for the telephone company to permit the use of its 'phones by the public for the purpose of transmitting orders for liquor, without regard to who paid the required rental; and if so, the defendant did not violate the law when he paid for a 'phone at Coney to be used by the public for this purpose. It is insisted by counsel for the State that by renting this 'phone and placing it at the disposal of the public, the defendant resorted to a bare subterfuge to evade the liquor laws, and held out a constant invitation to the public to transmit him orders for whiskey. It is doubtless true that the business enterprise displayed by the defendant in thus placing himself within easy communication stimulated the transmission of orders for whiskey by his customers, but we can not assent to the assertion of the State's counsel, that "the telephone furnished and paid for by defendant is the agent of the seller to receive orders for whiskey, just as much so as a man standing in its place would be." The

statute under consideration makes penal the solicitation of orders for intoxicating liquors by any person, either "personally or by agent," but does not prohibit the furnishing of inanimate agencies or instrumentalities which may serve the convenience of persons who desire to exercise their right under the law as now framed to send by mail, by telegraph, by telephone, or by private messenger, from time to time, orders for liquors to be lawfully sold by dealers in counties where they have a license to sell, delivery there to be made to such agent, natural or artificial, as the purchasers may nominate. More legislation is required to break up the practice complained of by the State's counsel in this case.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*