6989

## AMERKER v. TAYLOR.

DISPENSARY—CALHOUN COUNTY.—Under the present dispensary law the
Governor has authority to appoint a county dispensary board for
Calhoun county, formed out of portions of Orangeburg and Lex-
ington counties, dispensary counties, and until he makes such
appointment it is the duty of the county dispensary board of Orange-
burg county to continue the dispensaries in that portion of Calhoun
county cut off from Orangeburg.

Petition for injunction in the original jurisdiction of this Court by T. A. Amerker, J. S. Wannamaker and G. A. Baxter against R. E. Taylor, J. M. Crosswell *et al.,* composing the county dispensary board of Orangeburg county.

*Messrs. Bellinger & Welsh,* for petitioners.

*Messrs. Herbert & Wolfe,* contra.

August 4, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. The petitioners, as citizens and taxpayers of Calhoun county, have applied to this Court in its original jurisidiction for an injunction restraining and enjoining the county dispensary board of Orangeburg county and the dispensers concerned from closing either of the dispensaries located at St. Matthew's and Fort Motte.

By the act of 14th February, 1908, 25 Stat., 1279, Calhoun county was created out of portions of Orangeburg and Lexington counties. Dispensaries existed in both the original counties at the time of the formation of Calhoun county and have not been voted out since that time. While no dispensary was located in that portion of Lexington which became a part of Calhoun, two dispensaries existed in that portion of Orangeburg which went into the new county, one of which being established at St. Matthew's and the other at Fort Motte. These dispensaries existed at the time of the approval of act of 16th February, 1907, 25 Stat., 1, commonly known as the "Carey-Cothran Act," and sec. 34 of said act provided: "In any county in this State in which the dispensary has not been voted out by and under existing law, and until an election is held in such county as provided by this act, any dispensary now established therein shall be continued as a dispensary in said county under this act, etc." Section 7 of the act creating Calhoun county provides: "Until the officers to be elected at the special election here-

inbefore provided shall have been elected, and all officers required to be appointed shall have been appointed and duly qualified, all the county officers in Orangeburg and Lexington counties, respectively, shall continue to perform and exercise the duties of their respective offices in territory taken from each of the old counties, etc." Section 20 of the said act declared: "All laws now of force in the other counties of this State are hereby made of force in Calhoun county when not inconsistent with the provisions hereof."

The members of county dispensary boards are declared to be county officers by sec. 6 of the act of 1907.

After the formation of Calhoun county, these dispensaries at St. Matthew's and Fort Motte were managed by the county dispensary board of Orangeburg until some time before the commencement of this proceeding, when that board ordered the permanent closing of these dispensaries. To prevent their closing is the object of this proceeding. While conceding the power of the Orangeburg county dispensary board to temporarily close the dispensaries as the public good may demand, under the authority conferred by sec. 17 of the act of 1907, the petitioners deny the right of the board to permanently close these dispensaries, contending that such can only be done under sec. 35 of said act, after a vote of the people of the County of Calhoun disestablishing or voting out said dispensaries. There has been no election in Calhoun county since its formation voting for the establishment of dispensaries therein, and no dispensary board has been appointed for Calhoun county.

The question presented by the petition and return upon the undisputed facts is, whether it is the duty of the dispensary board of Orangeburg county to maintain these dispensaries in Calhoun county until the appointment of a dispensary board for Calhoun county or until said dispensaries have been voted out of Calhoun county in the manner provided for the disestablishment of dispensaries under the Carey-Cothran Act of 1907.

We think the contention of petitioners is correct. The result of the authorities bearing more or less directly on the principle of law involved may be thus stated: In the absence of legislation inconsistent therewith, whenever a new district is carved out of an old district, the local option law which existed in the old district not only continues in operation in that portion of the old which remains, although with change of name, *Jones* v. *State,* 67 Md., 259; *Medford* v. *State* (Tex.), 74 S. W., 768; *State* v. *Cooper,* 101 N. C., 784, but also in the new district, certainly when no other territory differently affected is embraced therein. *Higgins* v. *State,* 64 Md., 419; *Prestwood* v. *State,* 88 Ala., 235, 19 Ency. Law, 511, 23 Cyc., 95; Black on Intoxicating Liquors, sec. 105. In *Ex parte Fields* (Tex.), 86 S. W., 1022, it was held that the mere adding of new territory to a district in which local option is established did not operate to repeal the local option of the original district. In *Lackawanna* v. *Stevens,* 105 Penn. St., 465, it was held that a special act regulating sheriff's fees for the County of Luzerne continued of force in the County of Lackawanna, subsequently formed out of Luzerne county.

In the case at bar there is no legislation inconsistent with the existence of the dispensaries at St. Matthew's and Fort Motte, but, on the contrary, the statutes to which reference has been made recognize their existence and provide for their maintenance by the county board of Orangeburg county until similar officers for Calhoun county are appointed or until the disestablishment of said dispensaries in the manner provided by statute. The act of 1907, known as the Carey-Cothran act, is not only a general act affecting the whole State, but by the express terms of the Calhoun county act is made of force in that county. When Calhoun county was created, the dispensaries then established within its territory necessarily went into the new county as any other thing, property or business, definitely located within the territory. Every dispensary is located by law at a particular spot

or place, and it is only at such a place that intoxicating liquors may be lawfully sold in this State. This condition of things not only became an existing condition in Calhoun county by legislative act, but in legal contemplation was involved in the consent which the people gave when they voted for creation of the new county out of territory in which dispensaries were established, and no new condition was imposed thereby upon the people of the new county, for it is made up entirely of territory from dispensary counties.

Since Calhoun county is a county in which dispensaries are lawfully established and have not been voted out under existing law, the Governor has power under sec. 34 of the Carey-Cothran act of 1907, and sec. 3 of the Calhoun county act, to appoint a county dipensary board for Calhoun county, but until this is done it is the duty of the county dispensary board of Orangeburg county to continue the dispensaries at St. Matthew's and Fort Motte under their power in sec. 7 of the Calhoun county act.

It is, therefore, adjudged that the temporary injunction heretofore issued by the Chief Justice be continued and the respondents be, and are hereby enjoined from permanently closing said dispensaries at St. Matthew's and Fort Motte and commanded to continue their maintenance until a county dispensary board for Calhoun county is appointed by the Governor or until said dispensaries are voted out according to law.