[Shook, et al. v. Scott.]

# Shook, *et al. v.* Scott.

## Damages for Depredation by Stock.

(Decided Nov. 26, 1908.   47 South. 734.)

*Stock Law; Adoption; Change of Precinct Lines; Effect.*—Where two adjoining precincts held election under the General Stock Law Act to determine whether or not stock should be prevented from running at large, one of which precinct passed the stock law by a majority vote, and the other rejected the stock law by a majority vote, and the county commissioners, after such election, changed the lines between such precincts, placing in the stock law precinct territory formerly embraced in the adjacent non-stock law precinct, the stock law operating in the stock law precinct did not become operative over the territory taken from the adjacent non-stock law precinct.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by W. M. Scott against J. C. Shook, et al, for the recovery of a horse taken by them under the stock law alleged to be in existence in a certain precinct in Jackson county, by virtue of a change in the precinct lines after the stock law election.  Judgment for plaintiff and defendants appeal.  Affirmed.

BILBRO & MOODY and J. B. TALLEY, for appellants. The cause should be reversed and remanded upon the following authorities.—*Hackey v. Leake,* 91 Ga. 141; *Drummond v. Lowery,* 88 Ga. 716; 19 Cyc. 488; 20 A. & E. Ency. Law, 1152; 19 A. & E. Ency. Law, 511.

VIRGIL BOULDIN, for appellee.  The following authorities support the proposition that the part of the beat taken in by the change in the lines did not become a part of the stock law territory under the election.— *Cowan v. Com. Court.* 143 Ala. 181; *Caudle v. Com. Court,* 144 Ala. 502; *Com. Court v. Johnson,* 145 Ala.

553; *Prestwood v. The State,* 88 Ala. 235; *Long v. The State,* 103 Ala. 56; *State ex rel etc., v. Cook,* 126 Ala. 610.

DENSON, J.—This cause was tried in the circuit court on an agreement of facts, which, so far as the question here to be determined is concerned, shows that by elections held under the stock law act approved September 29, 1903 (Laws 1903, p. 431), and by the provisions of said act operating on the result of such elections, stock law was established in Scottsboro precinct, and was defeated in Hollywood precinct, Jackson county. Subsequent to the time of holding these elections, and after stock law had become operative in Scottsboro precinct, the court of county commissioners of Jackson county, by a regular and valid order, changed the precinct line between Scottsboro and Hollywood precincts (they being adjoining precincts) so as to take out of Hollywood a part of its territory and add it to that of Scottsboro precinct. The territory affected is not within the corporate limits of any city or town.

The question presented by this appeal for decision is whether the change made in the precinct line by the court of county commissioners makes the stock law operative in that part of Scottsboro precinct taken from Hollywood. Whatever may be the decisions of courts of other jurisdictions, and without entering upon a discussion of the matter, we are of the opinion that, according to the principle settled by our own decisions, the question must be answered in the negative.—*Prestwood's Case,* 88 Ala. 235, 7 South 259; *Long's Case,* 103 Ala. 55, 15 South. 565. It follows that the judgment of the lower court should be affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and MCCLELLAN, JJ., concur.