## SMITH v. WALKER ET AL.

### [No. 21,481. Filed November 23, 1909.]

INTOXICATING LIQUORS.— *Township Remonstrances.— Subsequent Incorporation of City Within Township.*—Where the voters of a township, including a town, remonstrate against the granting of a license to retail liquor therein, a subsequent incorporation of a city out of such town has no effect upon such remonstrance, and it is unlawful to grant a license in such city until the expiration of such remonstrance.

From Lawrence Circuit Court; *James B. Wilson,* Judge.

Petition by Charles E. Smith, against which Henry Walker and others remonstrate. From a judgment for remonstrants, petitioner appeals. *Affirmed.*

*Joseph E. Henley* and *Frank M. Vance,* for appellant.
*R. C. Minton,* for appellees.

MONTGOMERY, J.—The court below, upon appeal, denied appellant's application for license to retail intoxicating liquors. The overruling of his motion for a new trial has been assigned as error.

The application was for a license to sell intoxicants at a designated place in the third ward of the city of Mitchell, and was refused for the reason that a remonstrance against the granting of any and all such licenses, signed by a majority of the legal voters of Marion township, in which the city of Mitchell is situated, was on file in the office of the county auditor, at the time appellant made his application. It appears from the evidence and an agreement of parties that, at the time of filing the remonstrance mentioned, the present city of Mitchell was an incorporated town within Marion township, and afterwards by proper proceedings,

the town corporation became a city; that the remonstrance when filed contained the names of a majority of the legal voters of said township, and when received in evidence was a general remonstrance against the traffic in the township, and not a remonstrance by a majority of the legal voters of the third ward of the city of Mitchell at the time of filing the same.

The question presented for decision then is, Did the territory within the town of Mitchell, by a change of its corporate name and form of government, become exempt from the effects of a blanket remonstrance, which, for a period of two years from the date of its filing, barred the granting of retail licenses for the sale of liquors in the entire township, including the area embraced in the present city? The statute provides that when a proper remonstrance against the traffic has been filed "it shall be unlawful thereafter for such board of commissioners to grant license to any such applicant therefor during the period of two years." §8332 Burns 1908, Acts 1905, p. 7. The political district covered by such remonstrance becomes in effect "dry" territory for the space of two years. The jurisdiction of boards of commissioners over the subject of liquor licenses is coëxtensive with the limits of their respective counties, and is in nowise affected by any change of local boundaries, form of government or corporate name. Whenever a political district within a county has by proper remonstrance under the statute become dry territory, the board of commissioners is prohibited from granting licenses to sell intoxicants within the prescribed boundaries for a period of two years, without regard to the character of the applicant, changes in population or other conditions. The legal voters of the town of Mitchell, having joined with other voters of the civil township in a remonstrance against the liquor traffic, were bound for the period fixed by statute, and by a change of the form of municipal government acquired no new rights in this respect. Appellant's application for license to sell intoxicants desig-

nated a place of business within dry territory, and the board of commissioners, as well as the circuit court on appeal, was forbidden to grant the same. *Prestwood* v. *State* (1889), 88 Ala. 235, 7 South. 259; *Higgins* v. *State* (1885), 64 Md. 419, 1 Atl. 876; *Jones* v. *State* (1887), 67 Md. 256, 10 Atl. 216; *Moore* v. *State* (1906), 126 Ga. 414, 55 S. E. 327; *Parker* v. *State* (1906), 126 Ga. 443, 55 S. E. 329; *Oxley* v. *Allen* (1908), (Tex. Civ. App.), 107 S. W. 945; *Hill* v. *Howth* (1908), 101 Tex. 620, 111 S. W. 649; *Amerker* v. *Taylor* (1908), 81 S. C. 163, 62 S. E. 7.

No error appearing, the judgment is affirmed.