GUS MCGRIFF, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed November 11, 1913.

Rehearing Denied December 16, 1913.

Under the provisions of Article XIX of the State Constitution the county is made the unit for the election therein provided concerning the sale of intoxicating liquors, and where the result of an election so held is against the sale of such liquors such sale is prohibited throughout the entire territory. The formation of a new county from portions of such old county cannot have the effect of nullifying such election and authorizing the sale of liquors in the county so formed.

Writ of error to Circuit Court, Seminole County; J. W. Perkins, Judge.

Judgment affirmed.

*Dickinson & Dickinson,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

SHACKLEFORD, C. J.—Gus McGriff was tried and convicted in the County Judge's court for Seminole County for the violation of Section 1 of Chapter 6179 of the laws of Florida, (Acts of 1911, page 121), "relating to the sale of liquors in counties and precincts voting against such sale." He afterwards sued out a writ of habeas corpus and upon a hearing before the Circuit Judge for the Seventh Judicial Circuit was remanded to the custody of the Sheriff. A writ of error has been granted for the review of this judgment.

The sole point presented for determination is whether or not what is known as the local option law is in force in Seminole County. Chapter 6511 of the Laws of Florida, (Acts of 1913, page 365), created Seminole County out of certain designated portions of Orange County. It is shown by the transcript that a local option election had been held in Orange County prior to the formation of Seminole County therefrom, which resulted in the sale of intoxicating liquors being prohibited therein. It is contended by the plaintiff in error that, notwithstanding such election and result in Orange County, since no such election had ever been held or had in the new County of Seminole, the local option law was not in force therein and therefore the plaintiff in error had been illegally convicted. This contention is not tenable.

Article XIX of the State Constitution reads as follows:

## "ARTICLE XIX.
## LOCAL OPTION.

Section 1. The Board of County Commissioners of each County in the State, not oftener than once in every two years, upon the application of one-fourth of the registered voters of any County, shall call and provide

for an election in the County in which application is made, to decide whether the sale of intoxicating liquors, wines or beer shall be prohibited therein, the question to be determined by a majority vote of those voting at the election called under this section, which election shall be conducted in the manner prescribed by law for holding general elections; Provided, That intoxicating liquors, either spirituous, vinous, or malt, shall not be sold in any election district in which a majority vote was cast against the same at the said election. Elections under this section shall be held within sixty days from the time of presenting said application, but if any such election should thereby take place within sixty days of any State or National election, it shall be held within sixty days after any such State or National election.

Section 2.    The Legislature shall provide necessary laws to carry out and enforce the provisions of section one of this article."

It is obvious that the county is made the unit for such an election and where the result of an election so held is against the sale of intoxicating liquors, such sale is prohibited throughout the entire territory. The formation of a new county from portions of such old county cannot have the effect of nullifying such election and authorizing the sale of liquors in the county so framed. The authorities would seem to be practically uniform to that effect. See Higgins v. State, 64 Md. 419, 1 Atl. Rep. 876; Prestwood v. State, 88 Ala. 235, 7 South. Rep. 259; Moore v. State, 126 Ga. 414, 55 S. E. Rep. 327; Parker v. State, 126 Ga. 443, 55 S. E. Rep. 329; Amerker v. Taylor, 81 S. C. 163, 62 S. E. Rep. 7; Oxley v. Allen, 49 Tex. Civ. App. 90, 107 S. W. Rep. 945; Ex parte Pollard, 51 Tex. Crim. App. 488, 103 S. W. Rep. 878.

Judgment affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.