J. L. HACKNEY, *et al.*, COUNTY COMMISSIONERS, *Plaintiffs in Error*, v. W. D. F. SNIPES, *et al.*, *Defendants in Error*.

## Opinion Filed December 1, 1914.

If an election district be divided and the numbers given to the election districts constituting the same territory are changed as authorized by law, the status of the original territory is not thereby changed for the operation of the statute regulating the issuance of permits to sell liquors therein, unless by some action taken it has become unlawful to sell liquors in that territory.

Writ of Error to Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment reversed.

*G. B. Wells* and *P. O. Knight*, for Plaintiffs in Error;

*McMullen* & *McMullen*, for Defendants in Error.

WHITFIELD, J.—The Board of County Commissioners granted a permit to sell liquors, wines and beer in that portion of Hillsborough County disignated as Election District No. 39, which territory had previously been a part of Election District No. 33, in said county. By certiorari the Circuit Court annulled the permit so granted, holding in effect that the statute must be applied to election district as constituted and numbered, and if a change is made in an election district in which it is lawful to sell liquor by the division of the district, and a change of the numbers, such division and change of numbers *ipso facto* render it unlawful to issue a permit to sell

liquors in the district when a majority of the registered voters of the newly made and numbered election district have not since October 1, 1897, petitioned for the sale of liquor therein. The respondents took writ of error, and challenged the propriety of the use of *certiorari* in this class of cases, the right of the relators to maintain the action and the construction put upon the statute by the Circuit Court.

As this court has appellate jurisdiction of all cases originating in the Circuit Court, and as this cause originated in the Circuit Court and a writ of error was taken to the judgment entered therein, the judgment may be reviewed and reversed if erroneous even though the action be not appropriate to the case, or not brought by the proper parties, and such a course may be pursued where it will facilitate the administration of justice under the law. Therefore without considering the propriety of the procedure adopted or the right of the parties to maintain the action, the correctness of the judgment will be determined in so far as it depends upon a construction of the statute regulating the issue of permits for selling liquors where such sale is not unlawful.

Section 1222 *et seq.* of the General Statutes provides for obtaining a permit from the Board of County Commissioners "to sell liquors, wines and beer in any election district wherein a majority of the registered voters have, since October 1, 1897, petitioned for a permit to sell liquors, wines and beer." Section 184 *et seq.* of the General Statutes authorizes the Board of County Commissioners "to alter or change" any election district "or to create new districts, designating each district by number." Considering these statutes together it is clear that the intent of the law is that permits may be granted to sell liquors in a particular portion or part of the territory of a county

constituting at the time an election district with a desig-nated number "wherein a majority of the registered voters have, since October 1, 1897, petitioned for a permit to sell liquors, wines and beer," and such sale is not unlawful. If the election district be divided and the numbers given to the election districts constituting the same territory are changed as authorized by law, the status of the origi-nal territory is not thereby changed for the operation of the statute regulating the issuance of permits to sell liquors therein, unless by some action taken it has become unlawful to sell liquors in that territory. It appears to be conceded that election district No. 33 in Hillsborough County was divided and made Election Districts Nos. 38 and 39 and that in the territory constituting Election Districts Nos. 38 and 39 "a majority of the registered vot-ers have, since October 1, 1897, petitioned for a permit to sell liquors, wines and beer," and that the sale of liquors in that territory has not by any governmental action taken become unlawful. This being so, in the absence of controll-ing legislation, the mere division of the election district into two election districts bearing different numbers, does not make it unlawful to issue permits to sell liquors in that territory without a new petition. See McGriff v. State, 66 Fla. 332, 63 South. Rep. 724.

The judgment of the Circuit Court annulling the permit in controversy is erroneous and is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.