PARKER *et al. v.* SMILEY, tax-collector; *et vice versa.*

1. The alternative road law, having been put in force in Liberty County in 1896 by recommendation of the grand jury of that county, and having been in continuous force from that date until 1920, when Long County was created entirely from the territory of Liberty County, became of force in the latter county when created and organized; and the ordinary of Long County could levy the road tax provided by that statute.

2. The court below did not err in refusing to grant an injunction to prevent the collection of the road tax so levied, on the ground that this road law was not of force in Long County.

Nos. 2976, 2977. JULY 12, 1922.

Petition for injunction. Before Judge Sheppard. Long superior court. November 12, 1921.

The County of Long was created entirely from territory formerly embraced in Liberty County. In 1896, by recommendation of the grand jury, the alternative road law was adopted in Liberty County, and was in force in that county when the County of Long was created by constitutional amendment in 1920. On October 4, 1921, the ordinary of Long County, in levying the county tax for that year, embraced in the order for that purpose four mills for road expenses or for county road purposes. This was done under the provisions of the alternative road law. Plaintiffs, as citizens and taxpayers of Long County, filed their petition to enjoin the collection of this tax from them or any other taxpayers of said county, on the grounds, that no action had ever been taken by the grand jury of Long County relative to the adoption of the alternative road law or any other form of road law in that county, or by any election held in that county for that purpose; and that the same had not been adopted in that county, since its creation, by any action on the part of the grand jury or by election of the people. The judge declined to enjoin the collection of this tax, and error is assigned on this judgment.

On the hearing of the application for injunction the defendant, T. M. Smiley, tax-collector, undertook to disqualify the Honorable Walter W. Sheppard, judge of the Atlantic circuit, which embraces the County of Long, and who heard the application for injunction, upon the ground that the judge was related to J. W. Hughes, a citizen and taxpayer of Long County, within the prohibited degree. The judge held himself qualified to preside in the case, and heard and determined the plaintiffs' application for an injunction. In

the cross-bill of exceptions the defendant excepts to the ruling of the trial judge holding himself qualified; and error is assigned upon this judgment.

C. L. Cowart, for plaintiffs.

Melville Price and Edwin A. Cohen, for defendant.

HINES, J. (After stating the foregoing facts.) The County of Long was created by constitutional amendment which was adopted by the voters of this State at the general election in 1920. This county was created entirely from territory formerly embraced within the limits of Liberty County. By the second section of the act of August 14, 1920 (Ga. Laws 1920, p. 48 et seq.) it is provided that " The provisions of sections 829 to 848, inclusive, of the Code are hereby made applicable to said new county; and said county, when created, shall be a ' statutory county,' and subject to all general laws applicable to counties of this State." By section 844, thus made applicable to the County of Long, it is provided: " All local laws and general laws having local application, in force within territory included within the limits of a new county, are to be in full force and effect within such territory; provided, that where by the general laws provision is made for any of said laws going into effect in any county by an election to be held, that an election may be held in the new county at any time after its creation, for the purpose of putting the local laws into effect, notwithstanding the provision of any general law requiring the lapse of any specified time after the last election on the subject."

Section 11 of what is generally known as the " alternative road law," declares that " this act shall not go into effect in any county in this State until it is recommended by the grand jury of said county, said recommendation to be made at any term of the court." Ga. Laws 1890-1, p. 135 et seq., Civil Code, § 704. In 1896 this act was put into effect in Liberty County by recommendation of the grand jury of that county; and it continued in effect in that county until Long County was created in 1920. This act has never been put into effect in the latter county by the recommendation of any grand jury of that county. On October 4, 1921, the ordinary of Long County levied a tax for road purposes under the alternative road law; and the plaintiffs filed their petition to enjoin the collection of this tax, on the ground that it is

illegal and void because this road law was not in effect in Long County. The trial judge held that this act was in force in Long County, and declined to grant the injunction. So the question for our determination is whether this road law is of force in Long County. If this road law was in force in that county, the tax levy was legal and should not have been enjoined. If not in force, the tax levy is illegal, and the injunction should have been granted.

The alternative road law was a general law of this State, having local application in Liberty County by reason of the recommendation of the grand jury of that county. When Long County was created this law was of force in the territory now embraced in Long County, as Long County was carved exclusively from the territory of Liberty County. So it necessarily follows that this law is of full force and effect in Long County.

The territory embraced in Crisp County was taken exclusively from the territory of Dooly County. Dooly County having adopted the general local option liquor law, and prohibition being in effect in that county when Crisp County was created therefrom, the question arose whether the prohibition of the sale of liquor was in force in the new county after its creation. This court held: " Under the express provisions of the act of 1905, authorizing the organization of new counties, the local prohibition law prevailing in Dooly County immediately became of full force and effect in the County of Crisp, and has since its creation undergone no change." *Moore* v. *State,* 126 *Ga.* 414 (55 S. E. 327) ; *Parker* v. *State,* 126 *Ga.* 443 (55 S. E. 329). The act of 1905, here referred to, is now embodied in section 844 of the Civil Code. The above cases were decided by five Justices, and are not binding as authority upon the court. Still, we think that the principle therein decided is sound. Boundary lines are declared a lawful fence in every county and district in this State, if the lawful voters of such districts or counties vote for no fence at an election held for that purpose. Civil Code, §§ 2031, 2036. Suppose there had been an election on this subject in Liberty County prior to the creation of Long County; and the voters of Liberty County had voted for no fences therein. After the creation of Long County, cut entirely from the territory of Liberty County, would not the no-fence law still be of force in Long County? Would the farmers of Long County be required to restore fences in the new county? We do

not think so. If the no-fence law had become operative through-out the entire limits of Liberty County, it would still be of force in that portion of its territory cut off into the new county, where the latter was carved entirely from the territory of the former. The territory of the new county would still be impressed with the fence law which governed it when a part of the old county. We see no reason why the road system of the old county would not likewise be of force in the new county which embraces territory wholly taken from the old county. The legislature must have had in mind cases like these when it passed the act of 1905, now em-braced in section 844 of the Civil Code, for the government of new counties.

In *Fordham* v. *Sikes,* 141 *Ga.* 469 (81 S. E. 208), this court held: " Where, in accordance with the provision of the constitu-tion (art. 8, sec. 4, par. 1), an election had been held in a county to determine the question of levying a tax for school purposes, which resulted in favor of such tax, and it had been levied ac-cordingly for several years, and where, by constitutional amend-ment, a new county was created from a part of the territory of the old one, this did not authorize the authorities in the new county to levy a tax for school purposes without a submission of the ques-tion to the voters thereof." No reference in this decision is made to the previous cases in the 126 *Ga.* It was by a full bench, and is controlling as authority until reviewed and reversed. Giving to it full effect, we do not think that it conflicts with the view taken by us in the present case. In that case it was held that that portion of section 844 preceding the proviso therein, if " construed as providing that the officers of a new county might levy and col-lect a local school tax therein without an election, because its terri-tory had been taken from another county in which an election had been held for the purpose of authorizing a tax, it would clearly violate the constitutional requirements " contained in article 8, section 4, paragraph 1, of the constitution, which provides that au-thority may be granted to counties, upon the recommendation of the corporate authorities, to establish and maintain public schools in their respective limits by local taxation, when approved by the popular vote therein prescribed. The proviso in this section was held to apply in that case; and was meant to cover cases where an election was necessary under the constitution to make a general

law applicable to a county of the State. That case can be differentiated from the instant case. There is no constitutional provision requiring an election to be held in a county to determine whether the alternative road law should be adopted. This is done on the mere recommendation of the grand jury. This case does not fall within the reasoning of *Fordham* v. *Sikes*. The recommendation of the grand jury in such a case does not violate any provision of the constitution. So we are of the opinion that this road law was of force in the County of Long; and that the judge did right in refusing to grant the injunction prayed for.

*Judgment affirmed on main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*