## SECOND DISTRICT, FEBRUARY, 1893.

### S. M. SWENSON v. J. C. McLAREN, TAX COLLECTOR.

#### No. 87.

1. **Collection of Tax not Enjoined, When.** — Equity will not enjoin the collection of a tax on the ground of over valuation of the property by the board of equalization, and irregularities in the manner of giving notice of their action, where the complainant fails to allege that he had applied to the Commissioners Court to correct such over valuation and irregularity.

2. **Time Within Which Official Act may be Done.**—Under article 3431, Sayles' Civil Statutes, providing for the subdivision of counties into school districts, "at least one month before the first Monday in October, 1884," such subdivision is not invalid because made after the date thus stated, as the statute is in this respect merely directory.

3. **Special School Tax—Notice of Election for.**—Where the notices that an election would be held to determine the levy of a district school tax were signed by the county judge, and there was nothing upon the face of the notices from which an elector could infer that either the sheriff or the Commissioners Court had anything to do with summoning him to vote, such election is invalid and the tax levied thereunder is illegal.

4. **Evidence—Assessment Rolls.**—If it be desired to show that a certain name does not appear upon the assessment rolls, the proper practice is to have the custodian of these records make a careful examination, and then to prove such fact by him as a witness, instead of introducing the rolls themselves in evidence.

APPEAL from Stonewall.  Tried below before Hon. J. V. COCKRELL.

*Davis & Woodruff*, for appellant.—1. Ten days notice of the meeting of the board of equalization is a condition precedent to the right of the board to raise the assessment of any person's property, and such notice should be issued by the clerk in the name of the State, directed to the proper sheriff, and served by him five days before the return day thereof. 1 Sayles' Civ. Stats., art. 1517a, sec. 7; 3 Willson's C. C., 332; Owensby v. Louisville, 79 Ky., 197; Railway v. Pendleton County, 2 S. W. Rep., 176; Slaughter v. Louisville, 8 S. W. Rep., 917; Rev. Stats., arts. 1531, 1532.

2. Notice of the order of the Commissioners Court for the holding of the special school tax election, issued and signed by the county judge alone, was without authority of law, and the election thereunder illegal. Rev. Stats., art. 3733; Slaughter v. Louisville, 8 S. W. Rep., 917.

No brief for appellee reached the Reporter.

HEAD, ASSOCIATE JUSTICE.—On the 1st day of January, 1889, appellant was the owner of 22,893 acres of land situated in Stonewall County, which, through his agents, Thomson & Donnan, he rendered to the assessor for taxation at the rate of $1 per acre. This rendition was made out at Austin, and forwarded to the assessor by mail, who, upon receipt of same, notified appellant's said agents that this valuation was too low, and would be referred by him to the board of equalization. On the 27th of June the board of equalization of Stonewall County raised the valuation of this land from $1 to $3.50 per acre. Prior to this, on the 27th of May, 1889, the Commissioners Court of said county met as a board of equalization and ordered the clerk to give ten days notice of the sitting of the board, and the clerk, in obedience to said order, in person posted one notice at the court house door of Stonewall County, but did not post such notices in each justice's precinct in said county. Said clerk also mailed to Thomson & Donnan a written notice that the board of equalization desired to raise the valuation of said land so rendered by them for appellant, but he did not issue notices in the name of the State of Texas, directed to the sheriff or any constable of Travis County, Texas, or any other constable or sheriff of the State, citing Thomson & Donnan to appear before the said board to show cause why the rendition of S. M. Swenson's property should not be raised, as it is contended is required by article 1531, 1 Sayles' Civil Statutes. The board raised the valuation above set forth without hearing any evidence as to the value of the land, but acted upon their own knowledge in fixing its value.

On the 13th day of February, 1889, the Commissioners Court of Stonewall County, assuming to act under article 3731, Sayles' Civil Statutes, divided said county into a convenient number of school districts, and thereafter a petition, in form in compliance with the law, was presented to the Commissioners Court of said county praying for an election to be held in district number 1 to determine whether or not a tax of 20 cents on the $100 should be levied for school purposes. To said petition was signed thirty-two names. In compliance with this petition, said court ordered an election as prayed for therein, to be held on April 20, 1889, which is in words as follows:

" It is ordered by the court, that the application for an election on school tax in district number 1 be accepted and approved, and that an election be held on the 20th day of April, A. D. 1889, for the purpose of voting 20 cents on the $100 for such purposes; and that B. C. Wray be appointed manager in election precinct number 1, at Rayner, and that J. S. Orr be appointed manager in precinct number 2, at J. S. Orr's, in school district number 1."

No order was entered by the Commissioners Court directing the sheriff to give notice of such election, as required by article 3733, but on March

19, 1889, the county judge of Stonewall County issued the following notice:

"SCHOOL ELECTION NOTICE.

"*The State of Texas, County of Stonewall.*—To all whom this may concern: Notice is hereby given that there will be held an election on Saturday, the 20th day of April, 1889, in school district number 1, at Rayner, Texas, and at the residence of J. S. Orr in said county. The polls in said district will be opened at 10 o'clock on said day for the purpose of determining whether or not there shall be levied an annual tax of two-tenths (two mills) cents on the dollar for school purposes, as provided for by the acts of the special session of the Eighteenth Legislature of the State.

[Seal County Court, Stonewall County.]

[Signed]     " F. C. COOK, County Judge."

On the back of one of these notices was endorsed the following:

" Came to hand March 19, 1889, and executed by posting and causing to be posted one copy of the within notice at the court house door, and one copy at two other places in said district. This 21st day of March, 1889.

[Signed]     "J. C. MCLAREN, Sheriff."

It does not appear what the result of this election was, but the Commissioners Court levied the tax as indicated in the order, and as no question is raised in the briefs as to this defect in the statement of facts, it will be assumed that the result of the election was in favor of making the levy.

Appellant tendered the amount of taxes due from him upon his valuation in court, and sought to enjoin appellee, as tax collector, from collecting the remainder of the taxes complained of in his petition. This tender, however, did not include the 20 cents school tax in precinct number 1.

The court below refused the injunction as prayed for, and from this judgment this appeal is prosecuted.

By the third paragraph of the Act of March 22, 1879 (1 Sayles' Civil Statutes, article 1517a), it is provided, that " the board of equalization shall have power to correct any errors in the assessment of property at any time before the tax is paid on said property;" and in Duck v. Peeler, 74 Texas, 268, it is held, that until a tax payer has exhausted the legal remedy thus given, the courts should refuse him the equitable remedy by injunction, and in that opinion it is said: " This is a broad statute, and covers errors in valuation as well as all others." And again: " The petition failing to show that appellee had been denied this plain remedy, existing

when this suit was brought, or that for some reason it was inadequate,. was fatally defective and should have been so held.''

Appellant in his petition fails to allege that he had applied to the Commissioners Court to correct the alleged irregularity and over valuation complained of by him, and we are of opinion that if it be conceded that the proceedings of the board of equalization were irregular, and that the proper notice was not given appellant or his agents, yet appellant was provided by this statute with an adequate legal remedy to correct such errors, and if he failed to avail himself thereof, the injunction prayed for by him was correctly denied.

If, however, the proceedings of the board were regular and the notice sufficient, then the action of the board was final, and appellant's petition showed that he was without remedy, and the injunction for this reason was correctly denied in so far as it was sought on account of the alleged irregular assessment of his property. Duck v. Peeler, supra.

Appellant contends, that after the first Monday in October, 1884, none of the Commissioners Courts had the power to divide their counties into school districts. The part of article 3731, Sayles' Civil Statutes, relied upon to sustain this contention is as follows: '' It shall be the duty of the County Commissioners Courts of all counties not exempted from this section to subdivide their respective counties into school districts at least one month before the first Monday in October, 1884.''

In Sutherland on Statutory Construction, section 448, it is said: '' Provisions regulating the duties of public officers and specifying the time for their performance, are in that regard generally directory. Though a statute directs a thing to be done at a particular time, it does not necessarily follow that it may not be done afterwards. In other words, as the cases universally hold, a statute specifying a time within which a public officer is to perform a final act regarding the rights and duties of others is directory, unless the nature of the act to be performed, or the phraseology of the statute is such that the designation of time must be considered as a limitation of the power of the officer.'' And again, in section 450: '' The assessors of a school district were directed by statute to assess the district tax within thirty days after the clerk had certified the vote for raising the tax, and it was held to be merely directory, as there were no negative words in the statute limiting their power to make the assessment afterwards.'' Such we believe to be the general rule (Flatan v. The State, 56 Texas, 93), and we see nothing in this statute which requires a different construction to be placed upon it. We find no negative words in this provision; and in view of the fact that at the time of its passage many of the counties in this State were unorganized, and could not comply therewith within the time named, it would be unreasonable to hold that such counties were intended to be deprived of all benefit to be derived from our district school system. We are of opinion that the

action of the Commissioner's Court in subdividing Stonewall County into school districts in 1889 was legal.

Appellant also complains of the tax of 20 cents on the $100, levied in school district number 1, as being irregular and illegal, because the sheriff was not ordered by the court to give notice of the election at which said tax was voted, and did not give such notice in the manner required by law. From the findings of fact it will be seen, that while the sheriff posted up these notices, they were not signed by him, but were signed by the county judge, and there was nothing upon the face of the notices from which an elector could infer that either the sheriff or the Commissioners Court had anything to do with summoning him to vote at this election. Upon its face the notice appeared to be only the act of the county judge.

Mr. Cooley, in his work on Taxation, section 335, in speaking of these special elections to vote taxes, says: "All special meetings must be regularly called as the statute may have prescribed, for no one is under obligation to pay heed to any but the legal notice, and those who come together in pursuance of any other do not, for legal purposes, represent the electors. The following are customary regulations: That the meeting shall be called by the officers of the municipality, either on their own motion or on the application of a certain number of the voters or freeholders; that it shall be notified either by a warning delivered or its contents stated to the several voters, or by notice published or posted in a manner particularly indicated by the statute; and that the subjects to be considered at the meeting shall be specified in the warning or notice. With all these provisions there must be careful compliance, and the meeting when held must confine itself strictly to the subjects indicated in the notice or warning." To sustain this a great number of cases are cited, in a number of which it is held, that a school district tax voted at a meeting not legally called is void. To the same effect is 2 Desty on Taxation, 1126 to 1133; also, see Reynolds Land and Cattle Company v. McCabe, 72 Texas, 57.

We are therefore of opinion that the irregularities attending the ordering and giving of the notice of this election as above indicated renders the tax voted thereat illegal and void. It will be noted one of the provisions of the statute requires, that "the Commissioners Court shall order the sheriff to give notice of such election by posting three notices in the district for three weeks before the election, and the sheriff shall obey such order," and no authority is given the county judge to give such notice, and we are of opinion that the tax payers were not called upon to assemble at his call.

Appellant upon the trial below also attacked the election in this precinct, on the ground that twenty of the signers to the petition for this election were not qualified property holding tax paying voters of said district, and to prove this offered in evidence the last assessment roll of Stonewall County. If it be conceded that this could be inquired into

after it had been passed upon by the Commissioners Court in ordering the election (which we do not decide; see City of Fort Worth v. Davis, 57 Texas, 225, and Dwyer v. Hackworth, 57 Texas, 245), we are nevertheless of the opinion that the action of the court was correct. If it be desired to show that a certain instrument does not appear of record in a county, it has been held, that the proper practice is to have the custodian of the record make a careful examination, and then prove by him as a witness this fact (Edwards v. Barwise, 69 Texas, 84); and we believe the same rule should apply where it is sought to prove that a name does not appear upon the tax rolls. It would seem to be impracticable to have the entire tax roll introduced in evidence. and the jury required to search through it to see if the name appears thereon.

For the error above indicated, let the judgment rendered by the court below be reversed and here rendered, perpetuating the injunction as to the tax of 20 cents on the $100, levied for school purposes in district number 1, and dissolved as to all other taxes sought to be enjoined in the petition; appellee to pay the costs in this court and in the court below.

*Reversed and rendered.*

Delivered February 7, 1893.