CLAWSON LUMBER COMPANY v. W. M. JONES, TAX COLLECTOR.

Decided January 26, 1899.

1. Taxation—Pleading—Board of Equalization.

A petition in an action to restrain a tax collector from collecting taxes upon an alleged fraudulent and excessive assessment and valuation of unrendered property does not sufficiently negative the fact that the assessor submitted to the board of equalization the list of unrendered property, as required by law, and that the court did not approve the rolls of unrendered property made up from such list, where it merely avers that the "assessment" was never "presented or referred to the board of equalization," and that the board never passed "directly" upon the "assessment."

2. Same—Board's Jurisdiction to Reduce Assessments.

The board of equalization, after approving the roll made up from the list of unrendered property, has no further jurisdiction in the matter, and a subsequent order reducing the assessment is void for want of authority. Rev. Stats., arts. 5120-5128.

3. Same—Fraud in Assessment.

The approval by the board of equalization of the tax roll containing the assessment of unrendered property under the statute eliminates all questions of fraud on the part of the assessor in placing an excesssive valuation thereon.

4. Same—Failure to Render Property Not Excused.

Illness of the agent of a corporation intrusted with the rendition of its property for taxation affords no excuse for its failure to render the property as required by the statute, especially where he had been ill and incapable of attending to business for more than six months prior to the time at which the property should have been rendered.

APPEAL from Angelina. Tried below before Hon. TOM C. DAVIS.

*Mantooth & Townsend,* for appellant.

*E. B. Robb,* for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought by the appellant to restrain the appellee from the collection of taxes upon an alleged fraudulent and excessive assessment and valuation of its property. Demurrers to the petition were sustained in the court below, and judgment was rendered in behalf of the appellee, dissolving the injunction which had been previously granted and dismissing the cause. The petition showed that the appellant is a corporation with its domicile in Angelina County, where it owned property of the value of $41,000 on January 1, 1897, and that the appellee was the sheriff and tax collector of said county. That on January 1, 1897, and since, A. J. Carothers was appellant's general manager, and as such was the only person charged with the duty of rendering the property of appellant for taxation. That on January 1, 1897, and for more than six months thereafter, said Carothers was ill and confined to his bed in a distant county, and could attend to no business whatever. That the assessor of taxes made an assessment of the property of appellant at a valuation of $86,325 for that year. The petition alleged that the assessor fraudulently assessed the said property at a valuation wholly unreasonable and excessive, with

the intent to take an advantage of the appellant by rendering the property and placing it upon the tax rolls, from which action appellant would have no redress; that the value of said property on January 1, 1897, or when assessed, or at any time since, did not exceed the sum of $41,000, which the assessor knew to be the just and true value thereof. That at the time he made the assessment the assessor well knew that the same was without equality and uniformity with reference to other property of like character in the county which the petition enumerated. The petition further averred that the assessment complained of was "never by said assessor presented or referred to the board of equalization, nor did said board ever pass directly upon said assessment except as hereafter stated, nor was your petitioner ever notified of this, as it is informed and believes, assessed value of the property." And further, that knowing said assessment to be fraudulent, complainant, on February 21, 1898, went before the board of equalization and made application to the court for a hearing upon said assessment and valuation, and the court, "being fully convinced that said assessment was fraudulent and void," made an order reducing the valuation of said property to the sum of $44,075, and that the said collector be required to collect of appellant the taxes upon that valuation, to wit, the sum of $352.33 in full for the State and county taxes for the year 1897. That appellant tendered this sum of money to said collector in payment of its taxes and demanded a receipt, but its tender and request for a receipt were both refused. Appellant offered in discharge of its taxes to pay said sum or such an amount in addition thereto as the court might deem legal or equitable, or might be found to be due.

There was no error in the judgment of the court below. The petition does not sufficiently negative the fact that the assessor submitted to the board of equalization the lists of unrendered property as required by law, and that the court did not approve the rolls of unrendered property made up from such lists. The allegations upon this point were evasive. They were that the "assessment" was never "presented or referred to the board of equalization," and that the board never passed "directly" upon said "assessment." The list of the assessment of the appellant's property as unrendered property may have been submitted by the assessor to the board of equalization along with the lists of other unrendered property, and yet not specially presented or referred to the board by the assessor; and the board by a general order may have approved all the lists without directly passing upon the list of appellant's property, as there was no controversy about it. It is not charged that there was any fraud upon the part of the board of equalization in approving the assessment or tax rolls, nor is it alleged that the roll of unrendered property was not approved by the board, but it is rather to be inferred that it was approved. The petition should have stated the facts positively to show fraud on the part of assessor in placing the appellant's property upon the tax roll without the board of equalization ever having passed upon any assess-

ment list thereof or ever having approved the roll. Duck v. Peeler, 74 Texas, 268. This it failed to do.

After the approval of the roll by the board of equalization it had no further jurisdiction in the matter, and the order of the commissioners court, made February 21, 1898, reducing the assessment was void for want of authority in the court to make the order. Sayles' Rev. Stats., arts. 5120, 5123, 5126, 5128; Duck v. Peeler, supra. The commissioners court can only convene and sit as a board of equalization to receive the assessment lists or books of the assessors of their counties for inspection, correction, equalization, and approval, passing upon delinquent lists, and the approval of the rolls finally made out by the assessor. Only two sessions of the county commissioners as a board of equalization seem to be contemplated by the statute, one convening on the second Monday in June, or as soon thereafter as practicable, and the other to pass upon the tax rolls which are required to be submitted by the assessor on or before the first day of August. The approval by the board of equalization of the tax rolls containing the assessment of appellant's property eliminated all question of fraud on the part of the assessor in placing an excessive valuation thereon. The failure of the appellant to appear before the board of equalization and have its assessment corrected was not at all excused. Illness of its agent intrusted with the rendition of its property for taxation affords no excuse. Even if such failure might be excused under some circumstances, there is nothing in the facts stated in the petition that should excuse the appellant for continuing to rely on its manager, who had been ill and incapable of attending to business for more than six months, to render its property, or in failing to learn that the property had been placed on the unrendered roll at an excessive valuation. There was no occasion for the board to notify the appellant to appear before it, since no objection was made to the assessment. By its own inexcusable neglect its property was not rendered for taxation, nor did the appellant, after it had been submitted to the board of equalization, show any excuse whatever for not appearing then and having the valuation corrected. The judgment will be affirmed.

*Affirmed.*