## COCHRAN et al. v. KENNON et al.

(Court of Civil Appeals of Texas. Galveston. Nov. 13, 1913.)

1. Schools and School Districts (§ 107*)— School Taxes—Enjoining Collection.

Under Acts 31st Leg. c. 12, § 1, amending Acts 29th Leg. c. 124, § 58, providing that when 20 or more, or a majority of the property taxpaying voters of a district, wish to tax themselves for the purpose of supplementing the state school fund, they shall make application to the county judge, who shall issue an order for an election to determine whether such tax shall be levied, and that he shall order the sheriff to give notice of such election by posting three notices in the district, and that the sheriff shall obey such order, the validity of such an election can be attacked on the ground that notice was not given, as required by the statute, in a suit to enjoin collection of the tax, as the taxpayers have no other remedy, by quo warranto or otherwise.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 253–256; Dec. Dig. § 107.*]

2. Taxation (§ 301*)—Levy and Assessment —Compliance with Statute.

Where the burden of taxation is authorized to be laid upon the property of citizens under certain conditions, a compliance with all such conditions is essential to the validity of the tax.

[Ed. Note.—For other cases, see Taxation. Cent.Dig. §§ 483–495, 499–508; Dec.Dig. § 301.*]

3. Schools and School Districts (§ 103*)— School Taxes—Submission of Question to Voters—Statutory Provisions.

Acts 31st Leg. c. 12, amending Acts 29th Leg. c. 124, § 58, requiring notice of an election to determine whether a tax shall be levied to supplement the state school fund, to be given by the sheriff by posting three notices in the district, was neither strictly nor substantially complied with by posting two notices within the district and a third notice outside the district.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 114, 115, 117, 240–245, 252; Dec. Dig. § 103.*]

4. Schools and School Districts (§ 103*)— School Taxes — Submission of Question to Voters—Statutory Provisions.

Under such section, where one of the three notices required was posted outside the district, the notice was not rendered sufficient by the act of the commissioner's court in thereafter and before the election annexing to such district certain territory, including the place where such notice was posted.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 114, 115, 117, 240–245, 252; Dec. Dig. § 103.*]

5. Schools and School Districts (§ 107*)— School Taxes—Submission of Question to Voters—Statutory Provisions.

In a suit to enjoin the collection of a tax on the ground that the notices were not posted as required by such section, the burden was on defendants to show that all or a substantial majority of the qualified voters had actual knowledge of the election, and that the failure to give the statutory notice did not affect the result.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 253–256; Dec. Dig. § 107.*]

Appeal from District Court, Ft. Bend County; S. J. Stiles, Judge.

Action by W. B. Cochran and others against

J. D. Kennon and others. From an order dissolving in part a temporary injunction, plaintiffs appeal. Reversed and injunction reinstated.

W. J. Howard, of Houston, for appellants. D. R. Peareson, of Richmond, for appellees.

REESE, J. This is an appeal from an order of the district judge, in vacation, dissolving, in part, a temporary injunction theretofore ordered by him. On the hearing of the motion to dissolve the judge found that all of the allegations of the plaintiff's petition were true. The petition was sworn to, and in defendants' answer, on which is based their motion to dissolve, and which is not sworn to, there is only a general denial of these allegations. So the only question presented is whether on the allegations of the petition it was error to dissolve the injunction as was done.

The plaintiffs sued to enjoin the collection of a special tax for the support of the public school in school district No. 19, ordered to be levied and collected for the year 1912, and succeeding years, by the commissioners' court, by order made in pursuance of an election which had been held on September 3, 1912. In addition to injunction against the levy and collection of such taxes generally, plaintiffs sought specially to have the tax collector restrained from collecting the taxes for the year 1912, on the ground that at the time the tax was ordered the tax rolls had been made up by the assessor and delivered to the collector, and that the assessor had no lawful right to afterwards enter upon such tax rolls the additional school tax so ordered. This part of the temporary injunction was not disturbed by the judge, but was continued on the motion to dissolve, and no question as to this part of the order is presented on this appeal.

The material allegations of the petition accepted as true, as a basis of this appeal, are as follows: Plaintiffs are all property taxpayers in school district No. 19 of Ft. Bend county, as now constituted, and some of them are residents of said school district. Some of them own property subject to taxation, and also reside, in that portion of district 20 which was added to district 19 on August 22, 1912. On August 10, 1912, upon proper petition, the commissioners' court of Ft. Bend county ordered an election to be held on September 3, 1912, in said school district 19, then, and for some time prior thereto, a duly created and organized school district of said county, to enable the qualified voters therein to determine whether an annual tax of 15 cents on the $100 of taxable property in the district should be levied and collected for the support of public schools in the district. Notices of such election were ordered to be posted by the sheriff at three public places in the county, as required by subdivision 3, § 58, Acts 29th Leg., c. 124, as amended by chapter 12, Acts 31st Leg. Such notices were so posted by the sheriff, two of them at two public places in said district 19, as it then existed, and one at a public place outside of said district, but at a public place then in district 20, and in the territory which was afterwards (as will be hereinafter shown) taken from district 20 and added to district 19. All of the notices were posted for three weeks before the election. After these notices had been posted the commissioners' court, on August 22, 1912, undertook to change the boundaries of district 19, and by order duly made did so change said boundaries by adding to district 19 certain territory theretofore lying in district 20, and also by such changed boundaries took certain territory from district 19. The territory taken from district 20 and added to district 19 included Sibley's store, where the third notice referred to had been posted. In pursuance of the order aforesaid and the notices referred to, an election was held at Dow Bros.' store in the district on September 3, 1912, at which 22 votes were cast, all of which were in favor of the tax. In due time return was made, the votes canvassed by the commissioners' court, result declared, and in pursuance of this authority, a tax of 15 cents on the $100 valuation was ordered to be levied and collected each year, on all taxable property in the district. It is alleged in the petition, and must be taken as true, that the 22 voters voting at said election were less than a majority of the taxpaying voters of the district, and that none of the plaintiffs, 12 in number, had any notice or knowledge that such election was to be held. None of the plaintiffs who resided, or owned taxable property, in that part of district 20 which was, on August 22, 1912, added to district 19 had any knowledge or notice that this change had been made, whereby their property was placed in district 19. The petition further charges that there were many resident citizens of said district who were taxpayers and property owners, and qualified to vote at said election, who did not participate therein, and who had no notice that said election was to be held, and that if another and different election is held upon the question, a majority of the qualified voters in such district will vote against said tax.

[1] After finding that the allegations of the petition were true, the judge found as a conclusion of law "that the manner of giving notice of such election was irregular, but the manner of holding and giving notice of such election cannot be inquired into in this suit, which is a collateral attack on same," and upon this conclusion of law the court dissolved the temporary injunction, except as stated as to the tax for the year 1912. Appellees in their brief do not attempt to sustain the order of the judge upon any other ground than that upon which it is based in the law conclusion above stated (citing in support of such conclusion El

Paso v. Ruckman, 92 Tex. 86, 46 S. W. 25; Parker v. Drainage District, 148 S. W. 351; Drainage District v. Higbee, 149 S. W. 388; Boesch v. Byrom, 37 Tex. Civ. App. 35, 83 S. W. 18; Coffman v. Goree, 141 S. W. 132; Troutman v. McClesky, 7 Tex. Civ. App. 561, 27 S. W. 173; Wilbern v. Cone, 148 S. W. 818; Crabb v. Celeste School District, 132 S. W. 890; City of Carthage v. Burton, 51 Tex. Civ. App. 195, 111 S. W. 440). The learned district judge seems to have misapprehended the effect of these decisions, and learned counsel for appellees seems to have fallen into like error. El Paso v. Ruckman, supra, affords a fair example of the question presented and decided in each of the cases cited above. In that case the question involved was the validity of the independent school district of the city of El Paso. The power to levy and collect taxes by the municipality was involved, but the right to levy such taxes was denied on the ground that the independent school district had no legal existence. The city of El Paso had been acting since 1882 as such school district, but it was contended by the plaintiff Ruckman that the provisions of the law in the creation of the same had not been complied with. The question was certified to the Supreme Court. In answering certified questions the court said: "The rule is well established that when the creation of a public corporation, municipal or quasi municipal, is authorized by statute and a corporation has been organized under color of such authority, its corporate existence cannot be inquired into by the courts in a collateral proceeding. The validity of the incorporation can only be determined in a suit brought for that purpose in the name of the state, or by some individual under the authority of the state, who has a special interest which is affected by the existence of the corporation." The question involved and decided in the cited cases was of precisely similar import, the validity of some character of municipal or quasi municipal corporation being presented. In the present case no question is made of the validity of school district 19, as originally organized, nor is any question made of the validity of the action of the commissioners' court in adding new territory to said district. The sole attack upon the tax levy is based upon the illegality of the election on account of the failure to comply with the provisions of the statute with regard to notice. It is a matter which could not be reached or remedied by a proceeding in quo warranto. The law only authorizes such taxes as are here complained of after an election ordered and held under certain conditions. One of these conditions is that notices of the election be posted by the sheriff at three public places in the district. This was not done, and for this reason plaintiffs say the levy and collection of the tax is unauthorized, and they seek relief therefrom. They have

no other remedy than the one they are here seeking. The judge was in error in holding that the only remedy was by quo warranto, and in dissolving the injunction on this ground.

[2-5] The judge concluded that the manner of holding and giving notice of the election was irregular. Where the burden of taxation is authorized to be laid upon the property of a body of citizens, under certain conditions, a compliance with all of such conditions is essential to the validity of the tax. This is the general rule. 37 Cyc. 971; Swenson v. McLaren, 2 Tex. Civ. App. 331, 21 S. W. 302 (citing authorities). In the case cited the tax was declared invalid on the ground that the notices posted were signed by the county judge instead of the sheriff. Whether a strict or a substantial compliance be required, in the present case there was neither. The statute required in positive terms that notice to the voters be given by posting notices at three public places in the district by the sheriff. Such notices were posted only in two such places in the district. The third notice, posted at Sibley's store, outside of the district, may have just as well not have been posted at all, and the subsequent addition of territory to district 19, which included the place where it was posted, did not validate it. If it be sought to apply the rule that such failure to comply with the provisions of the statute will not invalidate such election, if in fact all, or a substantial majority, of such qualified voters had actual knowledge of such election, and the failure to give the notices prescribed did not affect the result (Norman v. Thompson, 30 Tex. Civ. App. 537, 72 S. W. 64; Buchanan v. Graham, 36 Tex. Civ. App. 468, 81 S. W. 1237; Wallis v. Williams, 50 Tex. Civ. App. 623, 110 S. W. 785), the burden was upon defendants to show by pleadings and proof that such was the case, as to this election (Norman v. Thompson, 30 Tex. Civ. App. 537, 72 S. W. 64–68). But not only was there no pleading or proof on the part of defendant that all or a substantial number of the voters, outside of those who actually voted, had any notice of such election, but the allegations of the petition, found to be true, expressly negatived this fact. So the action of the judge in dissolving the injunction cannot be sanctioned on this ground. It is fairly to be presumed that the learned judge would have so found but for the mistaken view of the law upon which his action was based.

Other questions presented by the assignments of error need not be considered. It would seem, however, that under the decision of the Supreme Court in Hill v. Howth, 101 Tex. 620, 111 S. W. 649, after the election was ordered in district 19, the commissioners had no right to change the boundaries of the district so as to affect the election previously ordered, and that such subsequent

change could not do so. Hill v. Howth, 101 Tex. 620, 111 S. W. 649. This question is not presented, however, and what we have said is merely by way of suggestion.

Our conclusion is that the order of the district judge, in so far as it dissolves the temporary injunction, should be set aside, and the temporary injunction reinstated and continued, as though no such order of dissolution had been made; and it has been so ordered.