**LEPP et al. v. WARD COUNTY WATER IMPROVEMENT DIST. NO. 2.  (No. 1695.)***

(Court of Civil Appeals of Texas. El Paso. Feb. 19, 1925. Rehearing Denied March 12, 1925.)

**1. Waters and water courses ⬅231—Property owner, not objecting before board of equalization, without remedy for excess assessment.**

Where owner of land in irrigation district did not seek relief before board of equalization against an excessive or discriminatory valuation, he has no remedy in court, as overvaluation is not a jurisdictional defect.

**2. Appeal and error ⬅181—Errors which are not fundamental cannot be considered unless assigned in court below.**

Alleged errors, even if well taken, cannot be considered where they are not fundamental and were not assigned in court below.

Appeal from District Court, Ward County; Chas. Gibbs, Judge.

Suit by the Ward County Water Improvement District No. 2 against Henry Lepp and another to recover taxes, interest, penalties, and costs, and to foreclose tax lien. Judgment for plaintiff, and defendants appeal. Affirmed.

H. G. Russell, of Pecos, and John B. Howard, of El Paso, for appellants.

John H. Boogher, of Grandfalls, and Gaines, Quinn, Harley & Gaines, of San Antonio, for appellee.

HIGGINS, J. Appellee, a water improvement district for irrigation purposes incorporated under the laws of this state, brought this suit against the appellants, Wheat and Lepp, to recover taxes levied and assessed against certain lands for the year 1920, together with interest, penalties, and costs and to foreclose the tax lien upon such land. The court submitted this issue:

"Does the actual value of the lands in question bear approximately the same relation to its assessed valuation that the actual value of all other property in said district bears to its assessed value, approximately?"

This was answered in the affirmative, whereupon judgment was rendered as prayed for. Upon the trial it was agreed:·

"Boards of equalization were appointed from year to year, and for each year since the organization of such district who equalized the values of land, and where lands were rendered for a lesser sum than that fixed by the board, after giving notice of such intention to the landowner, such values were raised, but as to the lands in controversy they were assessed, the lands of the first class at $100 and lands of the second class at $75 per acre, and after being approved by the board of equalization were placed upon the rolls, which rolls were approved by the directors of the district and collections sought to be made on that basis."

It was further agreed that Lepp had never appeared before the board of equalization or made any protest against the valuation placed on the land. The undisputed evidence shows that Wheat made no appearance before such board for the year 1920. The evidence further shows, without dispute, that appellants did not, in person, render their land to the assessor, but the same was listed and valued by the assessor and submitted to the board of equalization, which approved the same after making some corrections in favor of appellants.

[1] The first four assignments of error and their supporting propositions assert that the verdict and judgment are contrary to the law and the evidence in that the undisputed evidence shows that appellants' lands were arbitrarily valued far beyond their actual value, and shows a discrimination against them in the valuation of their lands particularly as compared with personal property in the district. In Ogburn v. Ward County Irrigation District No. 1, 267 S. W. 316, recently decided and not yet [officially] reported, this court considered the effect upon the right of a taxpayer in a water improvement district such as appellee, to appeal to the courts for relief against an excessive or discriminatory valuation of his property, by the failure of the taxpayer to first seek relief before the board of equalization of the district. In that case it was held:

"The law having provided a special tribunal for the proper appraisement and equalization of his property values, and he having failed to avail himself of the remedy thus provided, and no excuse shown for such failure, he has no remedy in the courts except for jurisdictional defects. Duck v. Peeler, 74 Tex. 269, 11 S. W. 1111; Swenson v. McLaren, 2 Tex. Civ. App. 331, 21 S. W. 300; Clawson Lumber Co. v. Jones, 20 Tex. Civ. App. 208, 49 S. W. 909; Cooley on Taxation (4th Ed.) §§ 1201, 1208; 37 Cyc. 1246."

The facts in the present case bring it within the rule there announced for which reason the assignments and propositions mentioned are overruled. Appellants in their brief present several other assignments which were not filed in the court below, nor do they relate to any issue connected with the theory upon which the appellants tried the case in the court below as reflected by the records.

[2] In our opinion, the alleged errors, even if well taken, which we do not concede, are not fundamental and cannot be considered, unless assigned in the court below, for which reason they are overruled. Oil Co. v. Kimball, 103 Tex. 103, 122 S. W. 533, 124 S. W. 85; Oar v. Davis, 105 Tex. 479, 151 S. W. 794; Wilson v. Johnson, 94 Tex. 272, 60 S. W. 242; Roberson v. Hughes (Tex. Com. App.) 231 S. W. 734.

Affirmed.