# MEMORANDUM DECISIONS

I

TEXAS EMPLOYERS' INS. ASS'N v. W. H. DRUMMOND et al. (No. 737–4329.)* (Commission of Appeals of Texas, Section A. Feb. 3, 1926.) Error to Court of Civil Appeals of Eighth Supreme Judicial District. Lea, McGrady, Thomason & Edwards, of El Paso, for plaintiff in error. Loomis & Kirkland, of El Paso, for defendants in error.

BISHOP, J. In this case the Court of Civil Appeals affirmed the judgment of the trial court by majority opinion, one of the justices dissenting. 267 S. W. 335. After careful consideration of the entire record, we have concluded that the affirmance of the judgment is correct. We approve the holding of the court on the questions discussed in the majority opinion, and recommend that the judgments be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

*Rehearing denied March 24, 1926.

2

J. J. WHEAT et al., Plaintiffs in Error, v. WARD COUNTY WATER IMPROVEMENT DIST. NO. 2, Defendant in Error. (No. 736–4372.) (Commission of Appeals of Texas, Section A. Feb. 10, 1926.) Error to Court of Civil Appeals of Eighth Supreme Judicial District. John B. Howard and Jas. R. Harper, both of El Paso, and R. B. Harlan and H. G. Russell, both of Pecos, for plaintiff in error. John H. Boogher, of Grand Falls, and Gaines, Quin, Harley & Gaines, of San Antonio, for defendant in error.

BISHOP, J. Ward County Water Improvement District No. 2, defendant in error, recovered judgment in the district court of Ward county against J. J. Wheat and Henry Lepp, plaintiffs in error, for the sum of $1,763.70, and foreclosure of tax lien on 3,000 acres of land; same being the amount of taxes, with interest, penalties, and costs, assessed against said land for the year 1920 by said water improvement district. This judgment was by the Court of Civil Appeals affirmed. 270 S. W. 197. This land was not rendered for taxes for the year 1920, but was appraised and assessed by the board of equalization of the district. It was assessed for taxation by the scheme used by the board, by which all unimproved land was valued at $75 per acre, and all improved or cultivated land at $100 per acre. The personal property was assessed at its actual value. Eighty acres of this land was assessed as improved, and the balance as unimproved, land. The unimproved land was worth from $2 to $10 per acre, and the cultivated land $50 per acre. In assessing the real property in the district, the board gave no consideration to the value of improvements and location of the land. The question here presented is the same as that in the case of J. W. Ogburn v. Ward County Irrigation District No. 1, 267 S. W. 316, with which this case was submitted, and the conclusion there reached governs the disposition to be made of this case. We therefore recommend that the judgments of the district court and the Court of Civil Appeals be reversed, and the cause remanded to the district court.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission of Appeals on the questions discussed in its opinion.

3

Elmo BELL v. STATE. (No. 10050.) (Court of Criminal Appeals of Texas. Feb. 3, 1926.) Appeal from District Court, Upshur County; J. R. Warren, Judge. Briggs & Davis, of Gilmer, for appellant. Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

MORROW, P. J. The offense is the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year. The indictment appears regular. The record is before us, without statement of facts or bills of exception. No fundamental error has been perceived. The judgment is affirmed.