### COBB et al. v. DOWNING et al.    (No. 236.)

Court of Civil Appeals of Texas. Eastland. Nov. 4, 1927.

Rehearing Denied Jan. 13, 1928.

**1. Taxation ⬉63—Oil and gas royalty interest reserved by lessor is taxable as part of land; "real property."**

Royalty interest reserved to landowners under oil and gas leases is real property and taxable as part of the land.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Real Property.]

**2. Taxation ⬉482(2)—Facts held to show notice to landowners of intention of board of equalization to increase valuation of land because of oil and gas royalties reserved under lease (Vernon's Sayles' Ann. Civ. St. 1914, art. 7564).**

Where landowners reserving royalty interest under oil and gas lease appointed agent for purpose of rendering property for taxes, and such agent received post card from board of equalization notifying him that valuation of property had been raised, and such post card was sent to one of co-owners who did not appear before board as requested under Vernon's Sayles' Ann. Civ. St. 1914, art. 7564, landowners cannot allege lack of legal notice of board's intention to increase valuation of land.

**3. Taxation ⬉469—Increase of valuation by board of equalization on oil royalty interest held not void.**

That tax assessor did not, at time property was rendered for tax, change valuation because of oil royalty interest, but referred it to board of equalization, did not render subsequent increase in valuation by board void.

**4. Taxation ⬉608(4)—Mistake of board of equalization in determining valuation held not reviewable in injunction against collection, where it did not exceed value of entire property.**

Where amount of tax assessment was less than value of plaintiff's whole interest in land including mineral interests, mistakes by board of equalization in fixing valuation could not be reviewed in suit to restrain collection of tax.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action by Mrs. Era W. Cobb and others against A. H. Downing and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

M. G. Cox, of Cameron, Penix, Miller & Perkins, of Mineral Wells, and R. E. Bowers, of Breckenridge, for appellants.

Goggans & Allison, O. H. Allred and Sam W. Davis, all of Breckenridge, for appellees.

PANNILL, C. J. The parties occupy the same position here as in the trial court and will be so designated. The plaintiffs, Mrs. Cobb and husband, A. N. Green, M. G. Cox, and James W. Daugherty, have appealed from an adverse judgment in a suit brought by them against the tax collector, tax assessor, and commissioners' court of Stephens county to restrain the collection for the year 1925 and to enjoin future efforts to assess and collect as against plaintiffs, nonresidents of Stephens county, taxes based upon the value of gas or oil royalty accruing to plaintiffs from certain lands situated in Stephens county.

A number of assignments and propositions thereunder are presented which involve the determination of four questions of law; (1) As to whether royalty interest accruing to plaintiffs under certain leases on the lands in controversy is taxable against them as a part of the realty and in Stephens county; (2) that the method used by the commissioners' court in ascertaining the value of the land based upon the value of such royalty interest was so arbitrary as to amount to a denial to plaintiffs of the due process of the law; (3) that plaintiffs had no notice of the intention of the board of equalization to increase the value of this land on account of the value of such royalty interest; and (4) that the commissioners' court arbitrarily placed the value of plaintiffs' interest under such royalties upon a basis of one-seventh of the actual production of oil and gas from their lands, instead of one-eighth, as should have been done in any event.

[1] It will be unnecessary to state in detail the questions arising under the first two grounds asserted, as stated above, for the

reason that the leases were in the same form and the method of ascertaining the value of the mineral interest in said land owned by plaintiffs was done in the identical manner as set forth in the opinion of the United States Supreme Court in the case of W. T. Waggoner Estate v. Wichita County, 273 U. S. 113, 47 S. Ct. 271, 71 L. Ed. ——; the opinion of the Circuit Court of Appeals in that case being reported in 3 F.(2d) 962, and the opinion of the trial court in the same case being reported in (D. C.) 298 F. 818. It is also considered that the question as to whether the royalty interest of plaintiffs was real property and taxable as part of the land is settled adversely to plaintiffs' contention in the case of Hager v. Stakes (Tex. Sup.) 294 S. W. 835. See, also, Ferguson v. Steen (Tex. Civ. App.) 293 S. W. 318. No useful purpose could be served by attempting to discuss the questions presented, as the decisions referred to have pertinently and clearly decided that the leases here under consideration, which, as stated, are the same in substance and effect as the leases set out in the Waggoner Case, convey to the lessee only a seven-eighths interest in the oil and gas in place, and that the royalty interest is reserved to the lessor and is taxable as a part of the land.

[2] The other two points will be briefly discussed, and a sufficient statement from the record will be made, to indicate the contention and the conclusion reached in respect thereto. It appears that one W. Scott Robinson was plaintiffs' agent for the purpose of rendering the property in controversy for taxes, and that he did render the same, placing the oil royalty at the value of $5,000 and the surface at the value of $960 as to one of the tracts owned by the plaintiffs. Thereafter, on June 12, 1925, the county clerk of Stephens county mailed a post card to said W. Scott Robinson, notifying him that the board of equalization then in session had raised the valuation of the property rendered for taxes for the year 1925 from $——— to $———, and further notified the said Robinson to appear before said board at the courthouse in Breckenridge on the 26th of June, 1925, to show cause, if any, why the increased value should not stand. Robinson then mailed this notice to the appellant Cox, an attorney residing at Cameron and who had theretofore been representing his co-owners in adjusting the differences between them and the commissioners' court of Stephens county in reference to the taxes on the land on a basis of the value of plaintiffs' mineral interest therein, and at the same time mailed the said Cox a copy of a letter written by said Robinson to the Humble Oil & Refining Company, detailing the method which the board of equalization had decided to use in determining the value of the mineral interest in said land, and which is the same, as stat-

ed, as was used in the Waggoner Case. Cox, being of the opinion that the commissioners' court was without authority to pursue this method in fixing the value of the mineral interest as a part of the land, decided that it would be best to ignore the proposed proceeding. The board was in session on June 27th, and after hearing evidence, determined therefrom that the assessed value should be placed at $34,160, and directed the tax collector of Stephens county to place said valuation thereon, which was done. The value of the gas royalties was found by the use of the method as used in ascertaining the value of the land for production of oil as set out in the Waggoner Case, above, except that as to gas, where the production of gas yielded as much as $100, the value for gas was determined to be the same value as if 50 barrels of oil had been produced and the gas value fixed accordingly as though that much oil had been produced.

It does not appear that the plaintiffs were without notice provided by law. Article 7564, Vernon's Sayles' Annotated Civil Statutes; Graham v. Lasater (Tex. Civ. App.) 26 S. W. 472; Swenson v. McLaren, 2 Tex. Civ. App. 331, 21 S. W. 300; Clawson Lumber Co. v. Jones, 20 Tex. Civ. App. 208, 49 S. W. 909.

[3] It is further claimed by plaintiffs that because the tax assessor did not, at the time the rendition was presented to him, change such valuation, but later referred it to the board of equalization, which board of equalization raised the valuation, the act of the board of equalization is void. This contention is without merit. I. & G. N. Ry. Co. v. Smith County, 54 Tex. page 1.

[4] It appears from an inspection of the statement of facts that the testimony is susceptible to the construction that the commissioners' court in fixing the valuation of plaintiffs' land did so upon an erroneous calculation that the plaintiffs' mineral interest was one-seventh instead of one-eighth of the amount of oil produced, but the statement of facts is also susceptible to the construction that they considered only the one-eighth interest of plaintiffs in determining the value of the land. At all events, it appears without dispute that the amount assessed was less than the value of the plaintiffs' whole interest in the entire land, including the value of the minerals, and that if the error occurred it was a mistake on the part of the board of equalization, and that it was the intention of that body, in determining the value, to consider the interest of plaintiffs as it really was, to wit, the one-eighth. It seems to be well settled by the authorities that if the assessment does not exceed the value of the property, mistakes by the board of equalization in arriving at this value cannot be reviewed, as was attempted to be done in this case. The mistake as alleged was that it amounted to some five barrels daily,

and it is not believed that this court has any authority under such state of facts to revise the judgment of the board of equalization in fixing the value. Duck v. Peeler, 74 Tex. 268, 11 S. W. 1111; State v. Chicago, R. I. & G. R. Co. (Tex. Com. App.) 263 S. W. 251; Blewett v. Richardson Independent School District (Tex. Civ. App.) 230 S. W. 255; Id. (Tex. Com. App.) 240 S. W. 529; City of Tyler v. Rowland (Tex. Civ. App.) 297 S. W. 923.

Finding no reversible error in the record, the judgment is affirmed.