## LINCOLN v. COMMISSIONERS' COURT OF WILLACY COUNTY et al.

No. 9422.

Court of Civil Appeals of Texas. San Antonio.

June 6, 1934.

Rehearing Denied June 27, 1934.

Jesse G. Foster, of Raymondville, for appellant.

R. S. Dorsett, of Raymondville, for appellees.

702

SMITH, Justice.

In this action .appellant alleges that the method of ascertaining and fixing taxable values by the proper authority in Willacy county is invalid, and results in discrimination against appellant, alleged to own 2,-777.7 acres in said county. The suit was brought against the county commissioners and tax assessor to enjoin the use of such method.

After a temporary restraining order had been granted and dissolved, the trial judge sustained the general demurrer to appellant's amended petition, and, upon appellant's refusal to further amend, the court dismissed the proceeding.

Appellant alleged in his stricken petition that in May, 1933, the commissioners' court, sitting as a board of equalization, fixed the assessable value of appellant's lands at the uniform amount of $17.50 per .acre, whereas its actual reasonable market value did not average more than $10 per acre; that at the time the board appraised said land appellant appeared after notice and protested said appraisal, but the board refused to hear evidence, and arbitrarily fixed said value as aforesaid. Appellant alleged that some portions of his said lands had a greater value than others, and yet the board of equalization fixed the same assessable value upon them all alike; that appellant is informed that the board divided the county into zones, and put a uniform value upon all lands in each zone, and graduated said appraisal according to zone; and that this system resulted in discrimination and contravened the constitutional provisions guaranteeing equal and uniform taxation. Appellant did not allege the location of such zones, but denied knowledge thereof except by a vague allegation of hearsay information, nor did appellant describe his alleged wrongs with any more particularity than above indicated. Appellant prayed that appellees be required by injunction to set aside and correct the appraisals of the board of equalization made at its session in May, 1933, fixing the assessable values for that year, and also prayed for an injunction restraining appellees, sitting as boards of equalization in the present and future years, from using the aforesaid system of appraising the assessable values of lands in said county.

We are of the opinion that the trial court properly sustained the general demurrer to appellant's pleading. In the first place, the action sought to be remedied for the year 1933 had already transpired, the assessable values had been fixed, and the governmental agency charged with that duty in that year had long since performed that duty and been dissolved by operation of law. Article 7218 et seq., R. S. 1925; State v. Chicago, R. I. & G. Ry. Co. (Tex. Com. App.) 263 S. W. 249; Clawson Lumber Co. v. Jones, 20 Tex. Civ. App. 208, 49 S. W. 909; Carter v. White (Tex. Civ. App.) 260 S. W. 276.

And in the second place the allegations that appellees may in the future commit the wrongs feared by appellant are too vague and indefinite to support the extraordinary remedy by which the courts may direct the manner in which another branch of the government shall or shall not perform its duty.

The judgment is affirmed.