

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 10, 1977

The Honorable Gerald W. Schmidt
County Attorney of Gillespie
  County
Fredericksburg, Texas 78624

Opinion No. H-988

Re: Retroactive claim of
the agricultural use property
tax exemption.

Dear Mr. Schmidt:

You have requested our opinion concerning the authority
of a commissioners court to adjust the assessed value of land
for 1975 upon the filing of an agricultural affidavit in
1976 where the taxpayer failed to file the affidavit prior to
the assessment for 1975.

Article 8, section 1-d(b) of the Texas Constitution pro-
vides:

> For each assessment year the owner wishes
> to qualify his land under provisions of
> this Section as designated for agricultural
> use he shall file with the local tax assessor
> a sworn statement in writing describing the
> use to which the land is devoted.

Articles 7211 and 7212, V.T.C.S., provide for the valua-
tion of property. Once the valuation of property has been
determined and same entered upon the roll, the Board of
Equalization has no power to increase or reduce such valuation.
Bass v. Aransas County Independent School District, 389 S.W.2d
165 (Tex. Civ. App. -- Corpus Christi 1965, writ ref'd n.r.e.);
Chicago R.I.& G. Ry. Co. v. State, 241 S.W. 255 (Tex. Civ. App.
-- Texarkana 1922), aff'd, 263 S.W. 249 (Tex. Comm'n App. 1924,
jdgmt adopted); Clawson Lumber Co. v. Jones, 49 S.W. 909 (Tex.
Civ. App. 1899, no writ); Attorney General Opinion V-1517 (1952).
We are unable to discern any language in article 8, section 1-d
which would alter this long established rule. In Gragg v.
Cayuga Independent School District, 539 S.W.2d 861 (Tex.
1976), the court stated:

> We hold that a landowner seeking the agricultural use designation and assessment can qualify by discharging his burden of <u>timely</u> showing in a proper administrative or judicial proceeding that his land is designated for agricultural use. . . .

(Emphasis added).  <u>Id.</u> at 869.  <u>See</u> Attorney General Opinion H-863 (1976).  While article 7345d, V.T.C.S., purports to authorize such a revaluation, it has been declared unconstitutional.  <u>Bass v. Aransas County Independent School District</u>, <u>supra</u>, and Attorney General Opinions cited therein.

Accordingly, in our opinion a commissioners court may not adjust the assessed value of land for a past year upon the basis of an agricultural use affidavit which was filed subsequent to the original assessment.

## S U M M A R Y

> A commissioners court has no authority to adjust the assessed value of land for a past year upon the basis of an agricultural use affidavit which was filed subsequent to the original assessment.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml